[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-14601

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 14, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 02-03241-CV-CAP-1

JUDITH A. RILEY,

Plaintiff-Appellant,

versus

EMORY UNIVERSITY,
JACQUELINE ZALUMAS,

Defendant-Appellees.

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

(June 14, 2005)

Before ANDERSON, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Judith Riley, a white female, appeals the district court's grant of summary

judgment in favor of her former employer, Emory University ("Emory"), in Riley's

action raising discrimination on the basis of race in violation of 42 U.S.C. §1981. Riley argues on appeal that the district court erred by finding that she did not establish a prima facie case of race discrimination because she showed that she and a black employee, Johnetta Holcombe, were both accused of similar conduct, and she was innocent of alleged wrongdoing other than those that were similar to Holcombe's. Riley claims that were genuine issues of material fact as to the reasons Emory gave in its motion for summary judgment for terminating her employment, and that neither Holcombe's performance history nor her longer tenure at Emory distinguished her from Riley as a matter of law[1].

We review "de novo a district court's grant of summary judgment, applying the same legal standards as the district court." Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc). A court shall grant summary judgment when the evidence before it shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Rule 56 "mandates the entry of summary judgment,"

[1]Riley also raised state law claims of breach of contract, intentional infliction of emotional distress, and negligent retention against Emory, and a claim of intentional infliction of emotional distress against her former supervisor, Jacqueline Zalumas. None of these claims are at issue on appeal and, therefore, are deemed abandoned. Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998).

upon motion, "against a party who fails to make a showing sufficient to establish an element essential" to his case on which he bears the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). "In making this determination, the court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." Hayes v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995).

When § 1981 is used as a remedy for employment discrimination, the elements required to establish a claim are the same as those required for a claim under Title VII of the Civil Rights Act of 1964. Howard v. B.P. Oil Co., 32 F.3d 520, 524 n.2 (11th Cir. 1994). Title VII makes it illegal "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). A plaintiff may establish a Title VII claim by introducing, among other things, circumstantial evidence that creates an inference of discrimination. Hinson v. Clinch County, Ga. Bd. of Educ., 231 F.3d 821, 827 (11th Cir. 2000). To do so, the plaintiff in a Title VII case can establish a prima facie case of racial discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct.1817, 1824, 36 L.Ed. 668 (1973).

If the plaintiff establishes a prima facie case, the burden shifts to the employer to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." McDonnell Douglas, 411 U.S. at 802, 93 S.Ct. at 1824. Finally, the burden shifts back to the plaintiff to show that the employer's stated reason was a pretext for discrimination. Id. When analyzing these cases, we have stated that we will not "second-guess the business judgment of employers." Combs v. Plantation Patterns, 106 F.3d 1519, 1543 (11th Cir. 1997).

We have noted that a plaintiff can establish a prima facie case based on disparate treatment by showing that "(1) [she] belongs to a racial minority; (2) [she] was subject[ed] to [an] adverse job action; (3) [her] employer treated similarly situated employees outside [her] classification more favorably; and (4) [she] was qualified to do the job." Knight v. Baptist Hosp. of Miami, Inc., 330 F.3d 1313, 1316 (11th Cir. 2003).

We have held that in order to show that employees are similarly situated, the plaintiff must establish that the "employees are similarly situated in all relevant aspects." Id. at 1316. "In determining whether employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are

4

disciplined in different ways." Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997).

Recently, we affirmed the grant of summary judgment for an employer on claims of gender and age discrimination, using the same analysis as is applicable in the instant case. See Morris v. Emory Clinic, 402 F.3d 1076 (11th Cir. 2005). We found that the employee, a male physician, failed to show the existence of a similarly situated female employee or a similarly situated younger employee because he had not shown any such employee who had received sufficiently similar complaints or was treated more favorably. Id. at 1082-83.

Riley failed to identify a similarly situated employee as required to overcome a motion for summary judgment on her discrimination claim. The only allegations of similar conduct supported by the record are misconduct in connection with the Chicago meeting, general complaints of being withdrawn and disengaged, and with the assigned newsletter. The record showed that Riley's supervisor, Jacqueline Zalumas, believed that Riley performed her job inadequately at the conference and that Holcombe failed to attend altogether. It also showed that Riley initially refused to coordinate a newsletter, but then agreed to write an article after repeated requests, while Holcombe apologized for her refusal and ensured that an article was written. Finally, while both employees

were criticized for being "withdrawn and disengaged," Holcombe was an employee with several years of positive reviews while Riley had just begun when these complaints were made. These incidents do not evidence conduct sufficiently similar to establish that Holcombe was a similarly situated employee who was treated differently, as required for making a prima facie case. See Holifield, 115 F.3d at 1562-63. Further, though Riley testified that Holcombe worked on projects for her church during working hours, that activity, if misconduct, is not similar to the misconduct of inadequate and incomplete job performance attributed to Riley. More importantly, our careful consideration of the totality of the conduct of Riley, as compared to that of Holcombe, persuades us that the two are not sufficiently similarly situated.

Accordingly, the district court did not clearly err in granting Emory's motion for summary judgment and we affirm.

**AFFIRMED.**[2]

---

[2] Riley's request for oral argument is denied.