[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-12956
Non-Argument Calendar

_____

D. C. Docket No. 02-00701-CV-D-N

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 21, 2005
THOMAS K. KAHN
CLERK

RODERICK V. MOORE,

Plaintiff-Appellant,

versus

ALABAMA DEPARTMENT OF CORRECTIONS,
MICHAEL HALEY, individually,
DONAL CAMPBELL, in his official capacity as Commissoner of the
Department of Corrections,
GREG LOVELACE, individually and in his capacity as Associate
Commissioner of Institutions,
MICHAEL A. AUSTIN,
EDDIE NAGLE, individually and in his capacity as Warden of Bibb County
Correctional Facility,
PAUL SIDES,
JOHN COPELAND, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(June 21, 2005)

Before BIRCH, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Roderick Moore appeals the district court's grant of summary judgment for Defendants-Appellants. Moore's action alleges employment discrimination under Title VII of the Civil Rights Act of 1964 and under 42 U.S.C. §§ 1981 and 1983. We affirm the district court's decision to grant summary judgment because Moore failed to make out a prima facie case of employment discrimination under the rule established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-804, 807 (1973).

I.     Facts

Moore, a black male, was employed as a corrections officer at the Bibb County Correctional Facility in Brent, Alabama. Before the events of the present case, Moore had the rank of Corrections Officer Supervisor I, or Lieutenant.

In January 2001, Moore's superiors in the Alabama Department of Corrections ("DOC") accused him of violating a number of the department's regulations. The violations occurred during the discipline of an inmate. When one of Moore's subordinate officers used allegedly excessive force against the inmate, Moore failed to intervene. Paul Sides and John Copeland, Director and Assistant Director of the DOC's Intelligence and Investigation Division ("I & I") respectively, conducted an

investigation of the incident. Based on the investigation, Cheryl Price, the deputy warden of the prison and a black female, recommended that Moore be demoted. The evidence shows that within DOC, supervisors have discretion in executing discipline based on the type of violation, and that Moore's alleged violations rendered him eligible for any punishment from a letter of reprimand to dismissal.

Moore alleged that he had been the victim of a conspiracy among his superiors in DOC to remove black supervisors from their positions. Moore also claimed that the other officers involved in the incident had been threatened and bribed into changing their stories and falsifying documents as part of the conspiracy.

At a DOC hearing presided over by Roy Hightower, a black male, Moore was found guilty of violating five regulations. Based on the hearing, the DOC Commissioner, Michael Haley, and the Associate Commissioner for Institutions, Greg Lovelace, agreed to demote Moore.

Moore then submitted his case to the State Personnel Director, Tommy Flowers. Flowers remanded the case to Hightower to address certain due process concerns. Once Hightower complied, Flowers reviewed the record, found no evidence of any racial discrimination, and upheld the demotion. Two other officers involved in the incident were also demoted.

Moore then filed the present action in district court in the Middle District of Alabama against the DOC and a number of its senior officials.[1] The complaint alleged violation of Title VII of the Civil Rights Act of 1964 as well as violation of the plaintiff's rights under 42 U.S.C. §§ 1981 and 1983.[2] After a period of discovery, the DOC and its employees moved for summary judgment, claiming that Moore had failed to satisfy the prima facie case for discrimination, and that even if he had, there was a legitimate non-discriminatory reason for his demotion.

The district court granted summary judgment in favor of all the defendants on the basis that Moore failed to make out a prima facie case of discrimination. Moore failed to do so, said the court, because he could not show that a similarly situated employee was treated more favorably. Moore moved to alter or amend judgment on the basis that the court inappropriately compared Moore with the other employees

---

[1]The complaint also named as defendants a number of I & I officials and several others who are not supervisory agents within the DOC. Relief under Title VII is only available against employers and supervisory employees in their capacity as agents of the employer. See Hinson v. Cinch County Bd. of Educ., 231 F.3d 821, 827 (11th Cir. 2000). As such, none of these other defendants is a proper party before this court. Nor are the DOC officials liable in their individual capacities.

[2]Moore's original complaint contained six counts which listed a smattering of constitutional and statutory violations. Incidentally, we concur with the district court that these claims are a paradigm example of the evils of "shotgun pleading," and commend the district court for its diligence in untangling these claims. On appeal, however, the appellant's arguments are relevant only to the Title VII employment discrimination claim and the § 1981 claim. All of the appellant's other claims are therefore deemed abandoned. See Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998).

although the defendants had not raised the issue. The court denied Moore's motion, and he timely filed the instant appeal.

II.     Analysis

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the party opposing the motion. Wilson v. B/E Aerospace, 376 F.3d 1079, 1085 (11th Cir. 2004). Summary judgment is appropriate where the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990).

Moore's arguments on appeal pertain to his employment discrimination claims under Title VII of the Civil Rights Act of 1964 and under 42 U.S.C. §§ 1981 and 1983. The analysis of Moore's claims under all these statutes is identical. See Butts v. County of Volusia, 222 F.3d 891, 893-94 (11th Cir. 2000) (holding that in a case involving state actors, there is no liability under § 1981, and such claims merge into the § 1983 claims); Standard v. A.B.E.L. Services, Inc., 161 F.3d 1318, 1330 (11th Cir. 1998) (holding that Title VII and § 1981 claims are analyzed in the same manner); Abel v. Dubberly, 210 F.3d 1334, 1338 (11th Cir. 2000) (holding that Title VII and § 1983 claims have the same elements where the claims are based on the same set of facts).

Title VII prohibits employment discrimination on the basis of race. 42 U.S.C. § 2000e; McDonnell Douglas, 411 U.S. at 800. To establish a prima facie case of employment discrimination based on his demotion, Moore must show that (1) he belongs to a protected class, (2) he was qualified for the job, and (3) the misconduct for which the employer demoted him was the same or similar to what a similarly situated employee engaged in, but that the employer did not discipline the other employee similarly. Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997). In cases involving alleged racial discrimination in the application of work rules to discipline an employee, the plaintiff must show either (a) that he did not violate the work rule, or (b) that he engaged in misconduct similar to that of a person outside the protected class, and that the disciplinary measures enforced against him were more severe than those enforced against the other persons who engaged in similar misconduct. Jones v. Gerwens, 874 F.2d 1534, 1540 (11th Cir. 1998). The defendants do not dispute that Moore belongs to a protected class, or that he was qualified for his job. Likewise, Moore does not provide any evidence that he did not violate the work rule.

The gravamen of the parties' dispute is whether a similarly situated white employee was disciplined less severely than Moore.[3] The district court held that Moore failed to produce evidence of a similarly situated employee, and we agree. We have held that "[t]he most important factors in the disciplinary context . . . are the nature of the offenses committed and the nature of the punishment imposed." Silvera v. Orange County Sch. Bd., 244 F.3d 1253, 1259 (11th Cir. 2001). "[T]he comparator's misconduct must be nearly identical to the plaintiff's in order to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." Id. (internal quotation marks and citation omitted).

Moore offered evidence regarding three possible white comparators. One, Capt. Richard Carter, allegedly altered incident reports (or instructed other to do so) in the investigation during the present case. Carter was never disciplined based on any such charges. Moore, however, was never punished for alteration of documents, but rather for other violations. As Moore cannot prove any misconduct on Carter's part which is "nearly identical" to his own, this comparison fails.

Moore also suggests two possible comparators in another incident at the Saint Clair Correctional Facility. The first, Lt. Joseph Headley, was not punished for his

---

[3]Moore also contends that the district court erred in making a sua sponte determination concerning the comparators. The district court considered evidence properly before it, and Moore offers no legal authority to support his contention. We therefore reject this argument.

7

involvement in an incident wherein a subordinate used excessive force on an inmate in Headley's presence. Unlike the present case, however, Headley took affirmative steps to separate the subordinate from the inmate. Another officer corroborated Headley's version of events. Because Headley's conduct was not similar to Moore's, the two were not similarly situated and this comparison also fails.

The other possible comparator in the Saint Clair incident was the subordinate who used excessive force by putting his hands to the inmate's throat, Sgt. Kenneth Pierce. Pierce was disciplined, but not demoted. The district court held that Sgt. Pierce's and Lt. Moore's different ranks and different supervisors served to distinguish the two. Our prior cases compel the conclusion that these factors are not alone dispositive of the issue. See Anderson v. WPMG-42, 253 F.3d 561, 565-66 (11th Cir. 2001) (different supervisors not dispositive); Lathem v. Dep't of Children and Youth Servs., 172 F.3d 786, 793 (11th Cir. 1999) (different job titles not dispositive).

Nonetheless, the district court was correct in its decision. Title VII does not prevent an employer from interpreting its rules as it chooses and making determinations as it sees fit under such rules. Nix v. WLCY Radio/Rahall Communications, 738 F.2d 1181, 1187 (11th Cir. 1984). While Moore was eventually found guilty of five separate regulatory violations, Pierce was disciplined

8

for only a single violation. Under the DOC's regulations, both officers were disciplined within the permitted range of punishments for their violations. We have previously held that a difference in the charged offenses can preclude a comparison for Title VII purposes. See Maniccia v. Brown, 171 F.3d 1364, 1368-69 (11th Cir. 1999).[4] We also bear in mind that one of the "most important factors in the disciplinary context [is] the nature of the offense[] committed." Silvera, 244 F.3d at 1259. Furthermore, although the fact that Pierce and Moore had different supervisors and different ranks is not dispositive by itself, it does serve to further distinguish their situations. Taking all the facts together, the district court was thus correct in concluding that Moore has failed to establish that Pierce was similarly situated.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[4]We also note that in the case at bar, both Price (the warden who recommended the demotion) and Hightower (the hearing officer) are black. Where decision-makers are also members of a protected class, the plaintiff faces a greater burden. Elrod v. Sears Roebuck & Co., 939 F.2d 1466, 1467 (11th Cir. 1991).