[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 04-16700, 05-12011
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 22, 2005
THOMAS K. KAHN
CLERK

BIA No. A96-010-824

MICHAEL MALAK SHENODA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of an Order of the
Board of Immigration Appeals

_____

(November 22, 2005)

Before DUBINA, MARCUS and HULL, Circuit Judges.

PER CURIAM:

In these consolidated appeals, Michael Malak Shenoda, a native and citizen of Egypt, petitions for review of the final order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of asylum,

withholding of removal, and CAT relief, and the BIA's order denying his motion to reopen his proceedings. On appeal, Shenoda argues that (1) substantial evidence did not support the IJ's decision to deny withholding of removal,[1] and (2) the BIA abused its discretion by denying Shenoda's motion to reopen his case based on changed circumstances in Egypt. After thorough review, we affirm.

We review only the BIA's decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." Id. Here, the BIA expressly adopted the IJ's decision and provided its own reasoning for its denial of Shenoda's application. Thus, we review the decisions of both the IJ and BIA.

To the extent that the BIA's and IJ's decisions were based on a legal determination, our review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The BIA's and IJ's factual determinations are reviewed under the substantial evidence test, and we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1283-84 (quotation omitted). "To

---

[1] Shenoda does not challenge, and we do not review, that portion of the BIA's order affirming the denial of Shenoda's asylum application based on untimeliness. We likewise deem abandoned any challenge to the decision on CAT relief. Cf. Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998) (concluding that issues not argued in party's brief are abandoned).

reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). "This Court reviews the BIA's denial of [a petitioner's] motion to reopen his deportation order for abuse of discretion. In this particular area, the BIA's discretion is quite broad." Gbaya v. United States Att'y Gen., 342 F.3d 1219, 1220 (11th Cir. 2003).

An alien seeking withholding of removal under the INA must show that his life or freedom would "more likely than not" be threatened upon return to his country because of, among other things, his religion or membership in a particular social group. See Mendoza, 327 F.3d at 1287; INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). A presumption that the alien's life or freedom would be threatened upon return to the proposed country of removal is created if the alien establishes past persecution on a protected ground. See Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 437 (11th Cir. 2004). This presumption may be rebutted if the INS shows the alien's life or freedom are no longer threatened because of changed conditions in the proposed country of removal, or the alien would avoid persecution by relocating to another part of the proposed country of removal. Id. Where the alien has not actually suffered past persecution, he bears the burden of establishing that it is more likely than not that he would suffer future persecution upon removal. Id. However, as with past persecution, "an alien cannot demonstrate that he more-

3

likely-than-not would be persecuted on a protected ground if the IJ finds that the alien could avoid a future threat by relocating to another part of his country." Id. (citation omitted).

First, Shenoda did not demonstrate past persecution because his uncorroborated testimony was not sufficient to establish such persecution based on his religion (Coptic Christian). The IJ determined that Shenoda did not provide adequate evidence, some of which was available to Shenoda, of past persecution that corroborated his testimony, including (1) a copy of a sign, which Shenoda described during his testimony, stating "no work for non-Muslims"; (2) police reports; (3) an affidavit from Shenoda's friend who Shenoda testified was beaten at work; (4) statements concerning the theft of the machinery at Lockheed Martin, as described by Shenoda; (5) affidavits from other Christian co-workers; (6) hospital records; or (7) affidavits from Shenoda's family members regarding their participation in his transport and hiding.

Despite Shenoda's argument that his testimony alone satisfied his burden of proof to show past persecution, we have held that "[t]he weaker an applicant's testimony, however, the greater the need for corroborative evidence." Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005); see also Mendoza, 327 F.3d at 1287 (holding that an applicant's testimony "if credible, may be sufficient to sustain the burden of proof without corroboration"). Given the IJ's observation

that corroborative evidence was available but not presented, we are satisfied the IJ did not err by concluding Shenoda's testimony alone did not satisfy his burden to show past persecution for purposes of withholding removal.

Turning to future persecution, the IJ found that Shenoda likewise did not meet his burden of proof. The IJ observed that, based on the amount of time Shenoda spent in Cairo and Cairo's large population, it is reasonable that Shenoda could relocate to Cairo without persecution.[2] Moreover, relying on the U.S. Department of State Country Report and International Religious Freedom Report, the IJ found that, while Christians comprise approximately 10 percent of Egypt's population, they exist in higher numbers in Cairo and Alexandria and, further, the Egyptian government has attempted to alleviate the tensions between Christians and Muslims. The IJ concluded, then, that Shenoda failed to show it was more likely than not that he would be subjected to persecution on the basis of his religion as he failed to demonstrate that he could not avoid persecution by relocating to another part of Egypt. Cf. 8 C.F.R. § 208.16(b)(2) ("An applicant who has not suffered past persecution may demonstrate that his or her life or freedom would be

---

[2] Thus, even if he had shown past persecution, the IJ's analysis suggests that the government's evidence rebutted any presumption of future persecution to which Shenoda may have been entitled at that point in the proceedings. Cf. 8 C.F.R. § 208.16(b)(1)(i)(B) ("If the applicant is determined to have suffered past persecution . . . it shall be presumed that the applicant's life or freedom would be threatened in the future . . . . This presumption may be rebutted if an . . . immigration judge finds by a preponderance of the evidence . . . the applicant could avoid a future threat to his or her life or freedom by relocating to another part of the proposed country of removal and, under all the circumstances, it would be reasonable to expect the applicant to do so").

5

threatened in the future in a country if he or she can establish that it is more likely than not that he or she would be persecuted on account of . . . religion . . . . Such an applicant cannot demonstrate that his or her life . . . would be threatened if the . . . immigration judge finds that the applicant could avoid a future threat . . . by relocating to another part of the proposed country of removal, and, under all the circumstances, it would be reasonable to expect the applicant to do so").

Given the substantial record evidence, which was cited by the IJ in his order, that the Egyptian government had made significant strides toward improving religious relations in its country, we cannot conclude that the record compels the finding that Shenoda will more likely than not be subjected to persecution upon removal. See Adefemi v. Ashcroft, 386 F.3d 1022, 1029 (11th Cir.) (en banc), cert. denied, 125 S.Ct. 2245 (2005) (explaining that we "consider only whether there is substantial evidence for the findings made by the BIA, not whether there is substantial evidence for some other finding that could have been . . . made") (quotation omitted). The IJ's decision on future persecution, therefore, was supported by substantial evidence.

Given Shenoda's failure to carry his burden on past persecution or future persecution, he was not entitled to withholding of removal and we deny his petition for review of the BIA's order.

We likewise are unpersuaded by Shenoda's argument that the BIA abused its discretion by denying his motion to reopen based on new evidence, not previously available, of changed country conditions. Pursuant to 8 C.F.R. § 1003.2(a), "[t]he decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board, subject to the restrictions of this section. The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). The BIA shall not grant a motion to reopen unless:

> [I]t appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing; nor shall any motion to reopen for the purpose of affording the alien an opportunity to apply for any form of discretionary relief be granted if it appears that the alien's right to apply for such relief was fully explained to him or her and an opportunity to apply therefore was afforded at the former hearing, unless the relief is sought on the basis of circumstances that have arisen subsequent to the hearing. Subject to the other requirements and restrictions of this section, and notwithstanding the provisions in § 1001.1(p) of this chapter, a motion to reopen proceedings for consideration or further consideration of an application for relief under section 212(c) of the Act (8 U.S.C. 1182(c)) may be granted if the alien demonstrates that he or she was statutorily eligible for such relief prior to the entry of the administratively final order of deportation.

8 C.F.R. § 1003.2(c)(1). We have held that, "[a]t a minimum, there are at least three independent grounds upon which the Board may deny a motion to reopen: 1) failure to establish a prima facie case; 2) failure to introduce evidence that was

7

material and previously unavailable; and 3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion." Najjar, 257 F.3d at 1302.

In the instant case, the BIA did not abuse its discretion by denying Shenoda's motion to reopen because the documentary evidence that Shenoda presented in support of his motion did not establish a change in country conditions sufficient to demonstrate a prima facie case of eligibility for withholding of removal. The documentary evidence Shenoda submitted enumerated new incidents of violence against Christians in Egypt and the BIA recognized as much in its order: "[W]e acknowledge that Coptic Christians, such as respondent, continue to suffer discrimination and isolated instances of violence in Egypt." However, as the BIA observed, the new evidence did not demonstrate that the frequency of the incidents had increased since his case was before the IJ, nor did the evidence refute the fact that relocation is possible for him in Egypt. In short, the proffered new evidence did not establish changed circumstances sufficient to show that country conditions had changed in Egypt such that he was now eligible for withholding of removal.[3]

---

[3]We have rejected Shenoda's additional argument that the REAL ID Act provides us with jurisdiction to review a BIA decision that an asylum application was untimely. See Chacon-Botero v. U.S. Att'y Gen., --- F.3d ----, 2005 WL 2456877 *3 (11th Cir. Oct. 6. 2005) (holding that even after enactment of Real ID Act, this Court lacks jurisdiciton to review decision that asylum application was untimely). The REAL ID Act does not provide a basis for reopening of Shenoda's

8

Upon review of the record, consideration of the parties' briefs, and for the above stated reasons, we discern no reversible error. Accordingly, we deny Shenoda's petitions for review.

**PETITIONS DENIED.**

---

case. Finally, we can find no abuse of discretion on the other grounds on which Shenoda challenges the denial of his motion to reopen.