[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 1, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13714
Non-Argument Calendar
_____

BIA Nos. A95-264-803 & A95-264-804

CESAR ENRIQUE TORRES,
ROSA JUDITH USECHE,
STEPHANIE TORRES USECHE,
ANDRES F. TORRES USECHE,

                                                        Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                        Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

**(February 1, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Petitioners Cesar Torres, his wife, Rosa Useche, and his two minor children, Andres and Stephanie Torres Useche, petition for review of the BIA's decision affirming without opinion the IJ's removal order and denial of asylum.[1] Petitioners argue that they presented substantial testimonial and documentary evidence demonstrating that Cesar Torres suffered past persecution on account of his imputed political opinion and had a well-founded fear of future persecution. In support, petitioners argue that Torres's work purchasing lands for the Colombian government prompted the Revolutionary Armed Forces of Colombia ("FARC") to ascribe an anti-FARC and pro-Colombian government opinion to him. They argue that given the forty years of armed conflict between the FARC and the Colombian government, it is reasonable to assume the FARC would target Torres based on his purchase of lands for the government. They argue that the threatening telephone calls Torres received from the FARC, during which he was told to stop working on his projects or he would pay consequences, and that he was a military objective, were patterns of persecution. They further argue that the FARC has the capability to punish Torres and the Colombian government is incapable of controlling this

---

[1] In his order, the IJ also denied withholding of removal under the INA and relief under the CAT. (*See* AR at 55, 307, 317, 327). In their brief, petitioners make no argument that they qualified for withholding of removal under the INA or relief under CAT, and, accordingly, they have waived review of the IJ's denial of relief on these bases. *See Rowe v. Schreiber*, 139 F.3d 1381, 1382 n.1 (11th Cir.1998) (recognizing that issues not argued on appeal are deemed waived).

group. Lastly, they argue that because Torres's fear of persecution exists on a country-wide basis, they cannot safely relocate to any part of Colombia.

We review the decision of the BIA, except to the extent that it adopts the IJ's opinion. *Nreka v. U.S. Att'y Gen.*, 408 F.3d 1361, 1368 (11th Cir. 2005). Because the BIA in this case affirmed the IJ's decision without opinion, we review the IJ's analysis as if it were the BIA's. *Id.* The IJ's factual determination that an alien is not entitled to asylum is reviewed under the substantial evidence test, and must be upheld if it is supported by "reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* To reverse the IJ's findings, we must find that the record compels it. *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003).

An alien who arrives in or is present in the United States may apply for asylum. *See* INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." *See* INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is

> any person who is outside any country of such person's nationality . . . , and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of **persecution or a well-founded fear of persecution on account of** race, religion, nationality, membership in a particular social group, or **political opinion** . . .

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A) (emphasis added). The asylum applicant carries the burden of proving statutory "refugee" status. 8 C.F.R.

3

§ 208.13(a); *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(b); *Al Najjar*, 257 F.3d at 1287.

"An imputed political opinion, whether correctly or incorrectly attributed, may constitute a ground for a well-founded fear of political persecution within the meaning of the INA." *Id.* at 1289 (quotations and citations omitted). An asylum applicant may not show merely that he has a political opinion, but must show that he was persecuted because of that opinion. *INS v. Elias-Zacarias*, 502 U.S. 478 (1992). "It is not enough to show that [he] was or will be persecuted or tortured due to [his] refusal to cooperate with the guerillas." *Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 438 (11th Cir. 2004) (withholding of removal).

Neither the INA nor the regulations define persecution. We have described persecution as an "extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (quotation marks and citation omitted). "Threats alone generally do not constitute actual persecution; only rarely, when they are so immediate and menacing as to cause significant suffering or harm in themselves, do threats per se qualify as persecution." *Vatulev v. Ashcroft*, 354 F.3d 1207, 1210

(10th Cir. 2003) (persuasive authority). Finally, we have approved of a "country-wide requirement" in which a refugee must first pursue an "internal resettlement alternative" in his own country, or establish that this is not possible, before seeking asylum here. *Mazariegos v. U. S. Att'y Gen*., 241 F.3d 1320, 1326-27 (11th Cir. 2001).

After reviewing the record, we conclude that substantial evidence supports the IJ's conclusion that the threatening phone calls Torres received were not so severe as to constitute past persecution, and he failed to show a well-founded fear of future persecution. He also failed to show compelling evidence that any possible persecution would be on account of his actual or imputed political opinion as opposed to refusing to cooperate with the FARC's demands. Thus, because the IJ's decision was supported by substantial evidence, we deny the petition for review.

**PETITION DENIED.**