[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-13045
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 13, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-01027-CV-F-N

JOAN SINGLETON,
ANNIE ALLISON, Elector,
CATHERINE CAMPBELL,

Plaintiffs-Appellants,

versus

ALABAMA DEMOCRATIC PARTY,
REDDING PITT, Chairman,
NANCY WORLEY, Secretary of State,
ALAN KING, Judge of Probate,
ANNE-MARIE ADAMS, Clerk of Jefferson County,
EARL CARTER, Deputy Clerk of Bessemer Division,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(April 13, 2006)**

Before TJOFLAT, WILSON and RONEY, Circuit Judges.

PER CURIAM:

Plaintiffs Joan B. Singleton, Annie Allison, and Catherine Campbell appeal the denial of their post-judgment motion challenging the district court's grant of a motion to dismiss their application for a temporary restraining order or for declaratory and injunctive relief seeking the court to place Singleton's name on the November 2004 election ballot as a county district judge in Alabama. Singleton sought to run in the November 2004 general election as the Alabama Democratic Party's candidate for a state court judge position. Although the Alabama Secretary of State had previously certified that Singleton be listed as the Democratic Party's candidate for the judgeship on the election ballot, the Democratic Party subsequently disqualified her candidacy based on evidence presented at a hearing that she had violated its party's bylaws. Two days prior to that hearing, Singleton filed a petition for writ of prohibition in Alabama state court alleging that the Democratic Party's actions violated its own bylaws, as well as several Alabama laws, by revoking her nomination and requested an order prohibiting the removal of her name from the ballot. After several failed attempts in the Alabama state courts, including the Supreme Court of Alabama's affirmance of the denial of her petition, Singleton's name was removed from the ballot.

On October 26, 2004, Singleton, and Allison and Campbell, two individuals who had desired to vote for her, filed suit in the United States District Court for the Middle District of Alabama, requesting injunctive relief and alleging violations of Alabama law and several provisions of the Voting Rights Act of 1965.

The district court dismissed the complaint with prejudice on March 30, 2005 and subsequently denied the plaintiffs' request for post-judgment relief pursuant to Federal Rule of Civil Procedure 60(b) on May 4, 2005.

We are without jurisdiction to review the March 30, 2005 order dismissing the plaintiffs' suit. We affirm the district court's May 4, 2005 denial of the plaintiffs' Rule 60(b) motion for post-judgment relief.

As an initial matter, we note that on September 30, 2005 a two-judge panel of this Court affirmed its April 19, 2005 order holding that this Court does not have appellate jurisdiction to review the district court's March 30, 2005 final order dismissing the complaint because the plaintiffs had failed to timely file a notice of appeal of that order. *See United States v. Grant*, 256 F.3d 1146, 1150 (11th Cir. 2001) ("The timely filing of a notice of appeal is a mandatory prerequisite to the exercise of appellate jurisdiction."). Plaintiffs did not file their notice of appeal

3

"from the final judgment entered in this action *(including post-trial motions)*, on May 4, 2005" until May 26, 2005.

A review of the plaintiffs' initial brief reveals no argument squarely addressing whether the district court erred on May 4, 2005 by denying plaintiffs' Rule 60(b) post-judgment motion to reconsider the dismissal of their suit. *See Rowe v. Schreiber*, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998) (holding that arguments not clearly discussed by appellants in briefs were waived). Although the plaintiffs may have abandoned the appeal of the district court's May 4, 2005 order by failing to clearly outline in their initial brief their contentions with it, we nonetheless affirm on the ground that the district court did not abuse its discretion. *See Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999) (holding no abuse of discretion in denial of Rule 60(b) motion and explaining the narrow scope of relief available under that Rule).

Except for plaintiffs' § 5 of the Voting Rights Act claim which could not have been brought in Alabama state court, plaintiffs' complaint raises several implications relating to the removal of Singleton's name from the election ballot that either had already been, or could have been, raised in the state court. As the district court properly held, those issues are barred from re-litigation in federal court under the *Rooker-Feldman* doctrine. *See Goodman ex. rel. Goodman v.*

4

*Sipos*, 259 F.3d 1327, 1333 (11th Cir. 2001) (noting that the *Rooker-Feldman* doctrine is "broad enough to bar all federal claims which were, or should have been, central to the state court decisions, even if those claims seek a form of relief that might not have been available in state court"); *see generally Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 150 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82, 103 S. Ct. 1303, 1311-15 (1983).

There was no abuse of discretion in the district court's May 4, 2005 refusal to grant Rule 60(b) relief as to the plaintiffs' § 5 of the Voting Act Rights claim, as they have failed to state a valid § 5 claim. *See, e.g., Young v. Fordice*, 520 U.S. 273, 276, 117 S. Ct. 1228, 1232 (1997) (explaining that a State may not modify its voting practice or procedures "*unless and until* the State obtains preclearance from the United States Attorney General"). The undisputed record evidence reveals that the procedures under both the Alabama Democratic Party's Bylaws and the Alabama Administrative Code law of which the plaintiffs complain *have received the required federal preclearance* by the U.S. Attorney General prescribed by 42 U.S.C. § 1973c. The plaintiffs thus have not stated a cause of action under § 5 of the Voting Rights Act.

**AFFIRMED.**

5