[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 7, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-17140
Non-Argument Calendar

_____

D. C. Docket No. 03-00325-CV-WS-4

WAYNE LOBBAN,

Petitioner-Appellant,

versus

FLORIDA PAROLE COMMISSION,
SECRETARY FLORIDA DEPARTMENT OF CORRECTIONS,
OFFICE OF THE FLORIDA GOVERNOR,
FLORIDA BOARD OF EXECUTIVE CLEMENCY,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(July 7, 2006)**

Before DUBINA, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Wayne Lobban, a Florida prisoner proceeding pro se, appeals the district court's denial of his petition for habeas relief, brought pursuant to 28 U.S.C. § 2254. We affirm the district court's decision for the reasons set forth below.

**I.**

Lobban was convicted of drug-related charges in 1989 and sentenced to 15 years imprisonment. In 1994, the Governor of Florida issued a conditional commutation of sentence, releasing Lobban to expedite his deportation to his native country of Jamaica. The commutation included several conditions, including (1) that Lobban not return to Florida without approval, and (2) that failure to comply with the conditions could result in revocation without further hearing. In addition, the notice informed Lobban that should Lobban breach any of the conditions, the clemency board could re-impose his sentence at its discretion. The memorandum of understanding also required that Lobban not return to the United States without permission and instructed that the failure to comply would subject Lobban to revocation of clemency and the re-imposition of his original sentence. Lobban refused to sign the commutation order.

In 2001, Lobban was arrested in New York, and the Governor of Florida revoked the conditional commutation of sentence. Lobban was transferred to

2

Florida to serve the remainder of his sentence. After exhausting his state remedies, Lobban filed the instant petition for habeas relief under 28 U.S.C. § 2254, contending that the conditions of commutation were not binding on him because he never accepted them and that he was denied due process because he was not afforded a hearing prior to revocation.

The magistrate judge recommended that the habeas petition be granted in part with respect to the revocation without a hearing. Although the magistrate judge determined that consent to the conditions of commutation was not required and that there was no due process right to a hearing under state law, the magistrate judge concluded that a hearing was required under federal law and that Lobban had not waived this right.

Both parties filed objections to the recommendation. The district court denied the habeas petition in its entirety, rejecting the magistrate judge's conclusion that Lobban was entitled to a pre-revocation hearing. Lobban filed a notice of appeal and the district court granted a certificate of appealability ("COA") on the single issue of "whether Petitioner was entitled to a revocation hearing."

## II.

This court reviews de novo the district court's denial of a § 2254 petition.

3

*Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000).

Addressing the issue certified in the COA[1] and liberally construing his arguments as a pro se petitioner, *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004), we conclude that Lobban fails to make any argument explaining the basis for his due process claim or how the district court erred. Accordingly, he has abandoned that claim. *Rowe v. Schreiber*, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998). Therefore, we AFFIRM the judgment of the district court.

**AFFIRMED.**

---

[1]We decline Lobban's invitation to expand the COA to consider uncertified issues because Lobban cannot make a substantial showing of the denial of a constitutional right regarding those issues. 28 U.S.C. § 2253(c)(2).