**PUBLISH**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

------------------------------------------

No. 97-4920

------------------------------------------

D. C. Docket No. 96-6086-CV-WJZ

ROBERT R. ROWE,

Plaintiff-Appellant,

versus

ALAN H. SCHREIBER,

Defendant-Appellee.

----------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

----------------------------------------------------------------

(April 29, 1998)

Before EDMONDSON and BIRCH, Circuit Judges, and FAY, Senior Circuit Judge.

EDMONDSON, Circuit Judge:

Plaintiff Robert Rowe appeals the district court's grant of summary judgment for Defendant Alan Schreiber in a Section 1983 case based mainly on the Sixth Amendment and brought against Schreiber in his individual capacity.[1] The

---

[1] **Plaintiff states in his brief that Schreiber denied indigent criminal defendants rights protected by "the Sixth, Eighth and Fourteenth Amendments." But Plaintiff's discussion focuses on the Sixth Amendment right to effective assistance of counsel. No further mention is made of the Eighth Amendment; and only Plaintiff's <u>Brady</u> rights are discussed in relation to "due process." Because of the absence of argument, the issues of Eighth Amendment and Fourteenth Amendment violations (other than <u>Brady</u>) have been abandoned and will not be considered in this appeal. <u>See</u> <u>Marek v. Singletary</u>, 62 F.3d 1295, 1298 n.2 (11th Cir. 1995) ("Issues not clearly raised in the briefs are considered abandoned.") (citation omitted); <u>Continental Technical Servs., Inc. v. Rockwell Int'l Corp.</u>, 927**

district court granted summary judgment after concluding that Defendant, as public defender, was entitled to absolute immunity. Because we conclude that Defendant was undoubtedly entitled to qualified immunity (which Defendant also asserted in the district court), we need not

F.2d 1198, 1199 (11th Cir. 1991) ("An argument not made is waived. . . ."); <u>Harris v. Plastics Mfg. Co.</u>, 617 F.2d 438, 440 (5th Cir. 1980) (Although posed as a question on appeal, appellants "do not discuss the issue in their argument. Any contention that the trial court erred [on that issue] is therefore abandoned."); <u>see</u> <u>also</u> Fed.R.App.P. 28(a)(5) ("argument shall contain discussion of issues presented").

3

decide whether absolute immunity was appropriate. We affirm.[2]

## Background

Plaintiff was indicted in Broward County, Florida, on four counts of sexual battery. An assistant public defender ("the APD"), who is no party to this case,

---

[2] We may affirm a decision on any adequate grounds, including grounds other than the grounds upon which the district court actually relied. See Parks v. City of Warner Robins, 43 F.3d 609, 613 (11th Cir. 1995).

represented Plaintiff during the criminal trial. Plaintiff was convicted and sentenced to life imprisonment. A motion to vacate the conviction was filed by Plaintiff. A Florida court granted the motion based on the conclusion that Plaintiff received ineffective assistance of counsel. A new trial was ordered, but the State of Florida nolle prosequi the charges.

Plaintiff then filed a Section 1983 claim against the Public Defender for Broward

5

County, Alan Schreiber, in his individual capacity.[3] Never does the complaint allege that Schreiber acted as Plaintiff's defense counsel. Instead, the complaint alleges that Defendant – as an administrator – created systemic deficiencies in the public defender system generally by denying investigative resources and expert witness resources to assistant public

---

[3]Plaintiff also included a state law claim in his Second Amended Complaint. That claim was dismissed by the district court and is not an issue on appeal.

defenders, by placing pressure on the defenders to "hurry their clients' cases to trial," and by permitting assistant public defenders to assume overwhelming caseloads. No allegation has been made that Defendant made decisions specifically about the criminal defense of Plaintiff; nor has an allegation been made that specific services were requested of Defendant by Plaintiff.

Plaintiff points only to errors made by the APD who represented him. Plaintiff claims, among other things, that the APD did not properly obtain Brady information from the State; that the APD repeatedly told Plaintiff that the APD did not have enough time to prepare Plaintiff's defense; that the APD failed to investigate adequately Plaintiff's defense; and that the APD told Plaintiff that the Public Defender's Office was cutting money

allocated for case investigation. These deficiencies, Plaintiff claims, were caused by the general administrative decisions of Defendant (for example, resource management decisions, case load management decisions, and hiring and firing decisions). Again, Plaintiff does not claim that Schreiber was, in any way, Plaintiff's defense lawyer.

Defendant filed a motion for summary judgment based on three alternative

defenses: (1) as public defender, Defendant was not acting under color of state law as required for a claim under Section 1983; (2) as public defender, Defendant was entitled to absolute immunity from Section 1983 liability; or (3) Defendant was entitled to qualified immunity. The district court granted Defendant's motion for summary judgment, concluding that Defendant – as public defender – was entitled to absolute immunity.

## Discussion

We review a district court's grant of summary judgment _de novo_, with all facts viewed in the light most favorable to the nonmoving party. _See_ _Hale v. Tallapoosa County_, 50 F.3d 1579, 1581 (11th Cir. 1995). Because we conclude that Defendant is entitled to qualified immunity, we have assumed, arguendo, that Defendant – when

acting as a public administrator – was acting under color of state law and was not entitled to absolute immunity.

"Qualified immunity protects government officials performing discretionary functions from civil trials (and other burdens of litigation, including discovery) and from liability if their conduct violates no 'clearly established statutory or constitutional rights of which a reasonable person would have known.'"

*Lassiter v. Alabama A&M Univ., Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc) (quoting *Harlow v. Fitzgerald*, 102 S.Ct. 2727, 2738 (1982)). Thus, Plaintiff must point to a preexisting, clearly established right that was violated by Defendant. *See Lassiter*, 28 F.3d at 1149; *see also Mitchell v. Forsyth*, 105 S.Ct. 2806, 2816 (1985).

Plaintiff argues that the well-established Sixth Amendment right to effective assistance of counsel is the clearly

13

established right violated by Defendant. But, "courts must not permit plaintiffs to discharge their burden by referring to general rules and to the violation of abstract 'rights.'" Lassiter, 28 F.3d at 1150 (citing Anderson v. Creighton, 107 S.Ct. 3034, 3038-39 (1987)) (footnote omitted). The right to effective assistance of counsel, although a generally established right of criminal defendants, is not sufficiently

specific to overcome Defendant's right to qualified immunity from this suit.

"For the law to be clearly established to the point that qualified immunity does not apply, the law must have earlier been developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that 'what he is doing' violates federal law." Lassiter, 28 F.3d at 1149 (quoting Anderson, 107 S.Ct. at 3039).

15

"Public officials are not obligated to be creative or imaginative in drawing analogies from previously decided cases." Lassiter, 28 F.3d at 1150 (quoting Adams v. St. Lucie County Sheriff's Dep't, 962 F.2d 1563, 1573, 1575 (11th Cir. 1992) (Edmondson, J., dissenting), approved en banc, 998 F.2d 923 (11th Cir. 1993)). "If case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects

16

the defendant." <u>Post v. City of Fort Lauderdale</u>, 7 F.3d 1552, 1557 (11th Cir. 1993).

In this case, for qualified immunity not to apply, the right which must be clearly established is some right to have the resources of the public defender's office administratively allocated in a specific manner or the right to have certain administrative decisions made.[4] Plaintiff

_____

[4]Plaintiff argues that the right to have his case adequately investigated and adequately prepared is also clearly established. The right to effective assistance of counsel may embody the

rights to adequate preparation and investigation, *See* <u>Weidner v. Wainwright</u>, 708 F.2d 614, 616 (11th Cir. 1983), but the lawyer decisions of what to investigate and what to prepare in Plaintiff's criminal case were the APD's, not Defendant's. The conduct complained of by Plaintiff about Defendant is the public administrative act of allocating the available resources for investigation and preparation generally. Included in Plaintiff's argument that the APD did not adequately investigate is Plaintiff's claim that his <u>Brady</u> rights were not adequately protected; *See* generally <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). But Plaintiff has failed to point to conduct of Defendant (as a public administrator) that caused a violation of Plaintiff's <u>Brady</u> rights. More important, Plaintiff has pointed to no law that clearly established that a person administering a public defender program is the guarantor,

18

puts forward no existing law to show the clearly established nature of this "right." That general administrative decisions of the kind at issue in this case violated Plaintiff's Sixth Amendment right to effective assistance of counsel, when the decisions were made by someone not acting as Plaintiff's lawyer, was not (and is not) clearly established.[5]

---

through his administrative decisions, of all indigent defendants' <u>Brady</u> rights.

[5]We accept that indigent defendants must be provided particular services, such as expert witnesses, by the State under certain circumstances.  But to be entitled to those

Plaintiff has, in fact, presented nothing to show that every reasonable public defender in Defendant's position would have known that the conduct -- making decisions about how to allocate

---

services, a defendant is required to request the State for the services. See Moore v. Kemp, 809 F.2d 702, 709 (11th Cir. 1987) (en banc). No allegation has been made that Plaintiff asked Defendant to provide a service, which service was denied. "Supreme Court precedent establishes the principle that the due process clause of the fourteenth amendment requires that the state, upon request, provide indigent defendants with the 'basic tools of an adequate defense . . . when those tools are available for a price to other prisoners.'" Moore, 809 F.2d at 709 (emphasis added) (quoting Britt v. North Carolina, 92 S.Ct. 431, 433 (1971)); see also Ake v. Oklahoma, 105 S.Ct. 1087 (1985). These cases -- involving requests made to courts -- do not clearly establish a right to the kind of administrative decisions involved in this case, especially in the absence of a request that the public administrator provide a particular service to a particular defendant. Plaintiff's only alleged request for an expert witness was to his APD, not to Defendant.

limited resources within his office and how otherwise to manage the public defender's office – violated Plaintiff's constitutional rights. The "right" allegedly violated is the Sixth Amendment right to effective assistance of counsel, but no precedents have been cited that involve the administrative duties of a public defender, as opposed to the traditional legal functions performed by the criminal defendant's specific attorney: that is,

lawyer-as-lawyer decisions.[6] The cases cited by Plaintiff are not materially similar to the case before us and do not clearly establish a right to certain funding for (or certain administrative decisions

---

[6] For example, Plaintiff cites us to cases such as Strickland v. Washington, 104 S.Ct. 2052 (1984), and Weidner v. Wainwright, 708 F.2d 614 (11th Cir. 1983). These cases are decisions about whether a criminal defendant received effective assistance of counsel: again lawyer acting as lawyer. The cases in no way address the constitutional responsibilities of a public defender acting as a public administrator and making administrative decisions for the public defender's office.

affecting) investigation, expert witnesses, and the like. See Lassiter, 28 F.3d at 1150-51; Edwards v. Gilbert, 867 F.2d 1271, 1277 (11th Cir. 1989).

Qualified immunity is the rule, not the exception. Plaintiff has failed to convince us that this case represents the exceptional case where qualified immunity should not apply. See, e.g., Harlow, 102 S.Ct. at 2738; Lassiter, 28 F.3d at 1149; Barts v. Joyner, 865 F.2d 1187, 1190 (11th Cir. 1989).

AFFIRMED.