[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 14, 2006
THOMAS K. KAHN
CLERK

No. 05-11555
Non-Argument Calendar

_____

D. C. Docket No. 04-00243-CR-T-17-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NELSON REINA HURTADO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 14, 2006)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Nelson Reina Hurtado appeals his 135-month concurrent sentences imposed

after pleading guilty to (1) aiding and abetting in the possession with intent to distribute five kilograms or more of cocaine while on board a vessel, in violation of 46 App. U.S.C. § 1903(a)&(g) and 21 U.S.C. § 960(b)(1)(B)(ii), and (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel, in violation of 46 App. U.S.C. § 1903(a), (g), & (j) and 21 U.S.C. § 960(b)(1)(B)(ii).  After review, we affirm.

## I. BACKGROUND

In May 2004, United States Coast Guard personnel observed a Colombian fishing vessel, the Estrella del Sur, refuel a small "go-fast" boat and provide its crew with food in the Pacific Ocean off Costa Rica.  Upon detecting the Coast Guard's presence, both vessels fled, and the Coast Guard personnel observed the crew of the go-fast boat dropping approximately thirty bales of cocaine into the ocean.  The Coast Guard recovered one of those bales, which contained 20 kilograms of cocaine.  The Coast Guard also pursued the Estrella del Sur and eventually arrested its crew, which included Hurtado.  The Costa Rican authorities took the go-fast boat's crew into custody.   The Coast Guard and the government estimated that the go-fast boat was transporting at least 600 kilograms of cocaine.

Hurtado pled guilty to both counts.  The presentence investigation report ("PSI") assessed a base offense level of 38 under U.S.S.G. § 2D1.1(c)(1) based on

2

the amount of drugs (600 kilograms of cocaine) that Hurtado aided and abetted in the possession and conspired to distribute. The PSI recommended a two-level reduction under U.S.S.G. § 2D1.1(b)(7), because Hurtado met the safety-valve criteria set forth in U.S.S.G. § 5C1.2, and a three-level reduction for acceptance of responsibility. Thus, with a total offense level of 33 and a criminal history category of I, the PSI recommended a guidelines range of 135 to 168 months.

At sentencing, Hurtado requested a mitigating-role reduction under U.S.S.G. § 3B1.2. The district court denied the request, noting that without the refueller boat, the go-fast boat would have been unable to carry cocaine and would have been "dead in the water just waiting." Noting evidence that the refueling boat was scheduled to meet a second go-fast boat, the court reasoned that the requirement that the refueling boat be "where it is, prepared to do what it has to do, and has a crew available to implement the refueling for more than one go-fast boat that is carrying the merchandise, . . . . is all a critical part of getting the drugs from their source to the ultimate recipient to be sold to the users in the United States." The district court then sentenced Hurtado to 135 months' imprisonment. This appeal followed.

## II. DISCUSSION

On appeal, Hurtado argues that the district court erred in not granting him a

mitigating-role reduction.[1]  We review for clear error a district court's

determination of a defendant's qualification for a role reduction.  United States v.

De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).  The defendant has the

burden of establishing his role in the offense by a preponderance of the evidence.

Id. at 939.  Two principles guide a district court's consideration: (1) the court must

compare the defendant's role in the offense with the relevant conduct attributed to

him in calculating his base offense level; and (2) the court may compare the

defendant's conduct to that of other participants involved in the offense.  Id. at

940-45.  When the relevant conduct attributed to a defendant is identical to his

actual conduct, he cannot prove that he is entitled to a minor-role adjustment

simply by pointing to some broader scheme for which he was not held accountable.

Id. at 941.  In addition, "[t]he fact that a defendant's role may be less than that of

other participants engaged in the relevant conduct may not be dispositive of role in

the offense, since it is possible that none are minor or minimal participants."  Id. at

944.

The district court did not clearly err in refusing to grant Hurtado a role

---

[1]Although Hurtado mentions in passing that his sentence is unreasonable, he has failed to clearly raise this issue in his brief, and we do not address it.  See United States v. Rodriguez, 279 F.3d 947, 951 n.3 (11th Cir. 2002); see also Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1. (11th Cir. 1998).

4

reduction. With respect to the first prong of <u>De Varon</u>, the district court held Hurtado accountable for only the 600 kilograms of cocaine on the go-fast boat, which he admitted to conspiring to possess with intent to distribute. Therefore, Hurtado's actual and relevant conduct were the same. In addition, as the district court correctly pointed out, the crew of the Estrella de Sur played a vital role in the conspiracy, i.e., without fuel and food supplies the go-fast vessel would have been unable to deliver the drugs to their destination.

With respect to the second prong of <u>De Varon</u>, the evidence regarding Hurtado's culpability indicates that he was at least as culpable as his codefendants. Hurtado argues that there were other individuals involved who got paid more money than he did for their participation in the conspiracy. He also claims that he was only a cook for the Estrella del Sur's crew. However, there is no evidence in the record supporting either assertion. Furthermore, even if Hurtado were the boat's cook, he has provided no evidence showing that his responsibilities aboard the vessel were less important to the enterprise than those of any of the other crew members of the refueling boat or the go-fast boat.

Therefore, we affirm Hurtado's concurrent 135-month sentences.

**AFFIRMED.**