[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 23, 2006
THOMAS K. KAHN
CLERK

No. 05-12431
Non-Argument Calendar

_____

D. C. Docket No. 03-02462-CV-UWC-S

ROLAND ALLEN,

Plaintiff-Appellant,

versus

GENERAL MOTORS CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(June 23, 2006)**

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Roland Allen, proceeding pro se, appeals the district court's denial of his

products liability and breach-of-warranty claims against the defendant, General Motors Corporation ("GM").

Allen, a citizen of Alabama, brought a diversity action pursuant to 28 U.S.C. § 1332, against GM, a Michigan corporation, alleging breach of warranty, negligence and manufacturing defect. According to the complaint, Allen purchased a new Chevy Malibu containing the following defects: (1) the air conditioner emitted an odor; (2) the exhaust pipe leaked; and (3) the car pulled on one side when driven. In the statement of the facts section of his complaint, Allen stated, "We feel that we will obtain a directed verdict in this case in favor of the plaintiff [leaving] only the issue of damages for the jury."

GM moved to dismiss the complaint for lack of jurisdiction, which the court denied. Allen then clarified that he sought $97,000 in damages, sufficient to meet § 1332's jurisdictional amount requirement. Eventually, Allen filed a motion for summary judgment, which the court also denied. Allen twice moved for a jury trial, but his motions were untimely, and he received a bench trial. After the bench trial, the court entered judgment in favor of GM, finding that there was no evidence of any defect in the automobile other than Allen's testimony and that Allen's testimony was not credible. Allen moved for a new trial by jury and filed his notice of appeal. Allen, however, has failed to submit copies of the trial transcript.

2

On appeal, Allen argues that the court improperly denied his right to a trial by jury and that it erred in its application of the law regarding his breach of warranty claim.[1]

Jury Trial

Even construing Allen's complaint liberally, as we must when a plaintiff proceeds pro se, Allen's mention of a jury determining damages in the statement of facts section of his complaint does not constitute a demand for a jury trial. In addition, Allen's two motions demanding jury trials were filed more than ten days after the last pleading in this case. See Fed. R. Civ. Pro. 38 ("Any party may demand a trial by jury of any issue triable of right by a jury by . . . serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue."). Thus, Allen waived his right to a trial by jury. LaMarca v. Turner, 995 F.2d 1526, 1545 (11th Cir. 1993). Allen's pro se status does not entitle him to liberal filing deadlines. See Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999). Accordingly, the district court properly denied Allen's demand.

Breach of Warranty Claim

---

[1] Allen only challenges the resolution of his breach of warranty claim. Because he offers no argument on his other claims, he has abandoned them. Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998).

Allen failed to submit copies of the trial transcript with this appeal, which he must do pursuant to Federal Rule of Appellate Procedure 10(b)(2). Id. ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion."). The fact that Allen proceeds pro se does not relieve him of this burden. See Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002). Because Allen failed to submit the trial transcript, this court is unable to evaluate the basis of the district court's judgment.

Accordingly, the decision of the district court is AFFIRMED.