[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 17, 2006
THOMAS K. KAHN
CLERK

No. 06-10024
Non-Argument Calendar

_____

D. C. Docket No. 04-01955-CV-RLV-1

DENNIS MICHAEL SMITH,

Plaintiff-Appellant,

versus

FEDERAL EXPRESS CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 17, 2006)**

Before TJOFLAT, BIRCH and KRAVITCH, Circuit Judges.

PER CURIAM:

Dennis Michael Smith, proceeding pro se, appeals the district court's grant

of summary judgment in favor of Federal Express Corp. in his employment discrimination action. After a thorough review of the record, we affirm.

Smith filed a counseled complaint against Federal Express alleging that his employer failed to meet his request for a reasonable accommodation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111, and retaliated against him for making the request and filing a complaint with the EEOC. Federal Express moved for summary judgment, asserting, inter alia, that Smith was not disabled, as he did not have an impairment that substantially limited a major life activity and it never regarded Smith as disabled, and Smith could not establish a retaliation claim, as there was no causal connection between his request and his termination.

The district court granted summary judgment, finding that (1) Smith was not disabled because (a) he did not have an impairment that substantially limited a major life activity, as he had no work restrictions and there were other jobs he could perform, and (b) Smith was not regarded as disabled; and (2) Smith could not establish retaliation because, even assuming that he satisfied the prima facie case, Smith failed to show that Federal Express's legitimate, non-discriminatory reasons were a pretext for discrimination in light of his disciplinary history and the fact that he missed two consecutive work shifts. Smith moved for reconsideration

2

or rehearing, which the court denied as untimely and without merit. Smith now appeals.

On appeal, Smith argues that the district court ignored evidence that Federal Express retaliated against him for invoking his ADA rights, and that the court incorrectly determined that he was not disabled under the ADA, as he contends he had a record of disability.

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the party opposing the motion. Cruz v. Publix Super Mkts., Inc., 428 F.3d 1379, 1382 (11th Cir. 2005). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990). Once the party seeking summary judgment meets its burden of showing the absence of a genuine issue of material fact, the burden shifts to the non-moving party to submit sufficient evidence to rebut the showing with affidavits or other relevant and admissible evidence. Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991). Mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion. Ellis v.

England, 432 F.3d 1321, 1326 (11th Cir. 2005). "Moreover, statements in affidavits that are based, in part, upon information and belief, cannot raise genuine issues of fact, and thus also cannot defeat a motion for summary judgment." Id. (citation omitted).

The ADA forbids covered employers from discriminating "against a qualified individual with a disability because of the disability of such individual in regard to . . . discharge of employees." 42 U.S.C. § 12112(a) (2000). To establish a prima facie case of discrimination under the ADA, a plaintiff must demonstrate "that (1) he has a disability, (2) he is a 'qualified individual,' which is to say, able to perform the essential functions of the employment position that he holds or seeks with or without reasonable accommodation, and (3) the defendant unlawfully discriminated against him because of the disability." D'Angelo v. ConAgra Foods, Inc., 422 F.3d 1220, 1226 (11th Cir. 2005). The same burden-shifting analysis under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), applicable to other employment discrimination suits applies to ADA claims. Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1226 (11th Cir. 1999).

A. Discrimination

Under the statute, disability is defined as "(A) a physical or mental

4

impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."  42 U.S.C. § 12102(2).

As an initial matter, the only issue properly before this court is whether Smith established that he had a physical impairment that substantially limits one or more of the major life activities.[1]  Smith does not challenge the district court's decision that he was not "regarded as" disabled, and, therefore, he has abandoned that claim.  Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998).  Moreover, Smith argues for the first time on appeal that he had a "record of" disability, and, therefore, we need not consider that argument.  Narey v. Dean, 32 F.3d 1521, 1526-27 (11th Cir. 1994).

This court has held that work can be treated as a major life activity.  See, e.g., Carruthers v. BSA Adver., Inc., 357 F.3d 1213, 1216 & n.2 (11th Cir. 2004).  According to the Supreme Court, "[w]hen the major life activity under consideration is that of working, the statutory phrase 'substantially limits' requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of

---

[1]  A physical impairment is "[a]ny physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: . . . cardiovascular."  29 U.S.C. § 1630.2(h)(1).  Arguably, Smith's bypass and subsequent cardiac monitoring is a disorder affecting his cardiovascular system.

5

jobs."[2] <u>Sutton v. United Air Lines, Inc.</u>, 527 U.S. 471, 491, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working. <u>Id.</u>, 527 U.S. at 492; 29 C.F.R.§ 1630.2(j)(3)(i); <u>Stewart v. Happy Herman's Cheshire Bridge, Inc.</u>, 117 F.3d 1278, 1285 (11th Cir. 1997). Additionally, the inability to work a single shift does not qualify as a disability. <u>Colwell v. Suffolk County Police Dept.</u>, 158 F.3d 635, 644-45 (2d Cir. 1998).

Here, the evidence established that Smith was able to perform a wide range of jobs, including the one for which he was hired. Smith himself testified that he had no work restrictions, and his physician's note indicated that Smith could work the AM shift. Smith disputes that the note included the Sunday (or graveyard) shift, but there is no evidence to support his assertion other than his own self-serving statements, which cannot defeat Federal Express's summary judgment motion. <u>Ellis</u>, 432 F.3d at 1326. Moreover, the evidence established that Smith held down another job and took classes during the relevant time period.

---

[2] An impairment is "substantially limiting" when the individual is:

(i) unable to perform a major life activity that the average person in the general population can perform; or (ii) significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

29 C.F.R. § 1630.20(j)(1).

6

Furthermore, Smith's difficulty with the Sunday shift is likely the same for everyone, and, therefore, should not be the basis of a disability claim. See Rossbach v. City of Miami, 371 F.3d 1354, 1359 (11th Cir. 2004) (explaining that allegations that were "couched in vague terms and unaccompanied by any evidence that the described afflictions were any worse than is suffered by many adults" did not establish substantial limits on a major life activity); Colwell, 158 F.3d at 645. Therefore, the court properly concluded that Smith was not substantially limited in the major life activity of work, and accordingly, was not disabled.

B. Retaliation

The ADA also provides that "no person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge . . . under [the ADA]." 42 U.S.C. § 12203(a). This provision creates a prohibition on retaliation under the ADA that is similar to Title VII's prohibition on retaliation. Stewart, 117 F.3d at 1287. To establish a prima facie case of retaliation, Smith must show that he engaged in statutorily protected conduct; that he suffered an adverse employment action; and that there was a causal connection between his conduct and the adverse action. Williams v. Motorola, Inc, 303 F.3d 1284, 1291 (11th Cir. 2002).

Assuming, as the district court did, that Smith established a prima facie case

7

of retaliation, he nevertheless is not entitled to relief because he has not shown that the legitimate, non-discriminatory reason for Federal Express's conduct was a pretext for discrimination.

The evidence showed that Smith repeatedly refused to come to work and that he had two consecutive absences without proper documentation, in violation of Federal Express's policies. The evidence also showed that the policies forbade Smith from rebidding another position for a certain period of time after accepting the AM shift. Smith knew of these policies because he had received a copy of the employee handbook. Thus, under its policies, Federal Express had legitimate, non-discriminatory reasons for Smith's discharge and the disciplinary actions taken against him. Smith has offered nothing except his own allegations to show that this was a pretext for retaliation. Accordingly, summary judgment was proper on this claim as well.

For the foregoing reasons, we **AFFIRM.**