[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 23, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16940
Non-Argument Calendar

_____

D. C. Docket No. 04-00063-CV-T-E

SAMANTHA JOHNSON,

Plaintiff-Appellant,

versus

AUBURN UNIVERSITY,
a corporation in the
State of Alabama,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(August 23, 2006)

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Samantha Johnson appeals the district court's grant of summary judgment in

favor of Auburn University in her employment discrimination and retaliation

action, brought pursuant to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e. In her complaint, Johnson, an African American, alleged that (1) she had been discriminated against when Auburn (a) classified her position lower than the classification for the same jobs performed by white employees, and (b) failed to promote her;[1] and (2) Auburn retaliated against her for complaining about the disparities between black and white employees's salaries and classifications. Johnson identified several comparators: Debbie Allen, Stan Fuller, Gayle Segrest, and Tammy Funderburk.[2]

Auburn moved for summary judgment, arguing (1) Johnson failed to establish a prima facie case of discrimination, as the comparators were not similarly situated; (2) Johnson failed to establish a prima facie case of retaliation, as there was no causal connection between Johnson's complaints and the decision not to reclassify or promote her; and (3) even if Johnson set forth a prima facie case, Auburn proffered legitimate, non-discriminatory reasons for its decisions, and Johnson could not show that these reasons were pretextual.

---

[1] It appears that Johnson abandoned her failure-to-promote claim at the summary judgment stage. Johnson does not address the issue on appeal. Therefore, it is abandoned. Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998).

[2] Johnson also identified Mary Turner as a comparator. The district court found Turner was not an appropriate comparator because her position was different, and she worked in a different department under a different supervisor. Johnson does not challenge this finding on appeal, and, therefore, she has abandoned it. Rowe, 139 F.3d at 1382 n.1.

The district court granted summary judgment, finding that Johnson failed to identify proper comparators, as the named comparators had different job duties and there was no evidence that the alleged different treatment was based on race, and that Auburn proffered legitimate, non-discriminatory reasons for the failure to reclassify Johnson, which Johnson had not shown to be pretextual. The court also found that Johnson failed to establish a prima facie case of retaliation, as there was no causal connection between her complaints about disparities and the failure to reclassify her position, and even if there was a causal connection, Johnson could not show that Auburn's reasons were a pretext for discrimination.

On appeal, Johnson argues that the court erred by concluding that the comparators were not similarly situated, as their job duties were essentially the same, and that Auburn's reasons were pretextual. Johnson further argues that there was a causal connection between her protected activity and her termination because she was treated differently that white employees.

After a thorough review of the record, we conclude that the district court properly granted summary judgment for the reasons stated in the district court's opinion dated November 17, 2005.

AFFIRMED.

3