[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 2, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16261
Non-Argument Calendar
_____

D. C. Docket No. 06-00422-CV-BH-C

ALBERT ALLEN,
MARGARET ALLEN,

Plaintiffs-Appellants,

versus

CHAMPION ENTERPRISES, INC.,
CHAMPION HOME BUILDERS CO.,
REDMAN HOMES, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(August 2, 2007)

Before ANDERSON, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

On June 19, 2006, Albert and Margaret Allen filed a complaint against Redman Homes, Inc., Champion Builders Co. (CBC), and Champion Enterprises, Inc. (CEI) in the Circuit Court of Baldwin County, Alabama.[1]  Their complaint requested a jury trial and did not reserve the right to compel arbitration.  On July 20, 2006, Redman filed a notice of removal in the United States District Court for the Southern District of Alabama, and CEI and CBC filed consents to removal.  Thereafter, the parties filed various discovery motions, including motions by CEI and CBC to dismiss, or in the alternative, for summary judgment.

On September 25, 2006, the Allens filed a motion to compel arbitration.  In support of their motion, the Allens did not file any affidavits or a signed arbitration agreement.  The only evidence of an arbitration agreement they submitted was a photocopied arbitration clause that was marked as exhibit one.  In response to the Allens' motion, each of the defendants filed a motion to strike the naked arbitration clause from the evidence, arguing that it was not signed, not identified as being part of the parties' purchase contract, and not supported by an affidavit.

In response to the defendants' motion to strike the arbitration clause, Margaret Allen submitted an affidavit stating that the arbitration clause attached as

_____

[1] The issues presented, procedural posture, and relevant dates in this appeal are virtually identical to the ones addressed by our opinion in Ford v. Champion Enterprises, Inc., No. 06–16260 (11th Cir.  May 18, 2007).

exhibit one to the original motion was in fact an accurate copy of an arbitration provision contained in the warranty manual she found in her manufactured home after she had purchased it. The Allens' response also stated that the parties had reached an informal agreement to arbitrate the case. As evidence of the informal agreement to arbitrate, the Allens submitted copies of agreements to arbitrate other cases involving Redman.

The defendants filed a motion to strike Margaret Allen's affidavit, because it (1) was filed after the case's briefing schedule had been set and (2) did not contain any language stating that the facts set forth in the affidavit were based upon her personal knowledge. The defendants also moved to strike all references to any informal agreements to arbitrate other cases, citing the FAA's requirement that before a party can be compelled to arbitrate, a written agreement to arbitrate must exist between that party and the party seeking to compel arbitration.

In response to the defendants' motion to strike, Margaret Allen submitted a revised affidavit, stating that the facts set forth therein were based on personal knowledge. The defendants then moved to strike the revised affidavit on the basis that it was filed after the briefing schedule had been set and without leave from the court to introduce new evidence.

On October 30, 2006, the district court granted the defendants' motions to

strike Margaret Allen's affidavits and denied the Allens' motion to compel arbitration. The court found that Margaret Allen's first affidavit was untimely and "contain[ed] neither a declaration that it is based upon her own personal knowledge nor, more importantly, any evidence to substantiate that any of the defendants were either signatories or otherwise bound to the excerpted arbitration clause." As for Margaret Allen's second affidavit, the court found that it was "untimely proffered." The district court also granted defendants' motion to strike the other exhibits submitted by the Allens as irrelevant.

The district court then found that the Allens had not established that the parties entered a valid arbitration agreement and further determined that the Allens had not offered any admissible evidence establishing that their claim involved interstate commerce. Also, the district court found that even if there had been a valid arbitration agreement between the parties, the Allens had waived their right to compel arbitration by participating substantially in the litigation process. The Allens then filed a motion for the court to alter or amend its order, which the court denied on November 16, 2006.

On appeal the Allens contend that the district court incorrectly found (1) that there was no valid arbitration agreement between them and the defendants and (2) that they have not waived their right to arbitrate this case. The problem for the

Allens is that the only evidence of an arbitration agreement was the photocopied arbitration clause and Margaret Allen's affidavits, which were all excluded by the district court. Although we typically review a district court's ruling on the admissibility of evidence for an abuse of discretion, Corwin v. Walt Disney Co., 475 F.3d 1239, 1249 (11th Cir. 2007), the Allens do not challenge the part of the court's order that struck the purported arbitration clause and accompanying affidavits from the evidence. Instead, the Allens proceed with their argument as if those items had not been struck. Under the law of this circuit, issues not argued on appeal are deemed to be waived. Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998).

Therefore, because the Allens have not challenged the district court's order striking the arbitration agreement and supporting affidavits from the evidence, they have waived that issue. As a result, the evidence lacks a written arbitration agreement. For what it is worth, even if Margaret Allen's affidavits had not been struck, we would reach the same result in this appeal. Even with the affidavits, the Allens did not establish that their motion to compel arbitration should have been granted. We therefore affirm the district court's order denying the Allens motion to compel arbitration as well as its order denying their motion to reconsider.

**AFFIRMED.**

5