[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 6, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13021
Non-Argument Calendar

_____

D. C. Docket No. 06-00606-CV-C-S

ROBERT H. HUDSON,

Plaintiff-Appellant,

versus

SHAW ENVIRONMENTAL & INFRASTRUCTURE, INC.,
a corporation or business entity doing business
in the state of Alabama,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(March 6, 2008)**

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Robert H. Hudson, a former employee of Shaw Environmental &

Infrastructure, Inc. (Shaw), appeals the district court's grant of summary judgment

for Shaw in his age discrimination action, brought pursuant to the Age

Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*[1]  Hudson

asserts he established a *prima facie* case of age discrimination because:  (1) he was

69 years old at the time of his termination; (2) he was qualified for his position

because, with the exception of one occasion, he completed all tasks satisfactorily;

and (3) the comments made by his coworker, Travis Lee, specifically, that Hudson

was "old and worn out," would lead a reasonable factfinder to conclude that Shaw

intended to discriminate against him on the basis of age in terminating his

employment.

We review a district court order granting summary judgment *de novo*,

viewing all the facts in the record in the light most favorable to the non-moving

---

[1]  Hudson further argues the district court erred in dismissing his breach of contract claim under state law.  Hudson failed to oppose Shaw's motion to dismiss his breach of contract claim in the district court.  Because Hudson abandoned this claim in the district court, we will not address this issue.  *See Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1518 n.8 (11th Cir. 1997) (declining to consider an argument because it was clear the party abandoned it in the district court).

In the district court, Hudson also brought claims under the Alabama Age Discrimination in Employment Act (AADEA), Alabama Code, § 25-1-20 *et seq.*, as well as claims related to his work shift assignment and overtime pay.  Hudson has abandoned these issues on appeal, however, by not presenting any argument in support of these claims in his appellate brief.  *See Rowe v. Schrieber*, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998) (stating issues not argued on appeal are deemed "abandoned and will not be considered").

party and drawing all inferences in his favor. *Frederick v. Sprint/United Mgmt. Co.*, 246 F.3d 1305, 1311 (11th Cir. 2001).

The ADEA makes it unlawful "for an employer to . . . discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). "In proving an age discrimination claim, a plaintiff can establish a *prima facie* case of discrimination through either direct evidence of discrimination or . . . circumstantial evidence." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999). Where, as here, a plaintiff offers circumstantial evidence to prove a claim of discrimination, we use the analytical framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 93 S. Ct. 1817 (1973). *See Cofield v. Goldkist, Inc.*, 267 F.3d 1264, 1268 n.6 (11th Cir. 2001) (noting "[a]though the *McDonnell Douglas* framework originally applied to Title VII cases, it is now widely accepted that the framework applies to claims of discrimination under the ADEA as well").

"Under the [*McDonnell Douglas*] framework, the plaintiff must first establish a *prima facie* case of discrimination." *Chapman v. AI Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000). Hudson relies on reduction-in-force cases to show he has established a *prima facie* case of discrimination. However, this case

3

should be analyzed as a discriminatory termination case because there is no evidence that Hudson's termination was the result of a reduction in Shaw's workforce. Rather, Shaw presented evidence that Hudson was terminated after disciplinary action had been taken against him, and Hudson has not refuted this evidence. "In an ADEA case involving discharge, demotion, or failure to hire, a plaintiff may establish a *prima facie* case by showing: (1) that he was a member of the protected group of persons between the ages of forty and seventy; (2) that he was subject to adverse employment action; (3) that a substantially younger person filled the position that he sought or from which he was discharged; and (4) that he was qualified to do the job for which he was rejected." *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1432 (11th Cir. 1998).

Hudson failed to establish a *prima facie* case of age discrimination with respect to his termination because he failed to refute Shaw's evidence showing that his position had not been replaced. Accordingly, Hudson failed to establish a *prima facie* case for discriminatory termination because he was not replaced by a person outside the protected class. *See id.* Thus, the district court did not err in granting summary judgment in Shaw's favor.

**AFFIRMED.**

4