[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12951
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 16, 2009
THOMAS K. KAHN
CLERK

Agency No. 17620-06L

ROGER DALEIDEN,
MAUREEN DALEIDEN,

Petitioners,

versus

COMMISSIONER OF IRS,

Respondent.

_____

Petition for Review of a Decision of the
United States Tax Court

_____

(March 16, 2009)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Roger Daleiden, proceeding pro se, appeals the Tax Court's order of

dismissal of his petition for review of the notice of determination.[1] For the reasons that follow, we affirm.

After the IRS determined the Daleidens' tax liabilities for 2001 and sent them a demand for payment, the Daleidens failed to remit payment, and the IRS issued a notice of intent to levy. The Daleidens then requested a Collections Due Process Hearing ("CDP") hearing. Prior to the hearing, the IRS instructed the Daleidens to submit a collection information statement, collection alternatives, and an estimated tax payment. The Daleidens requested a face-to-face CDP hearing and identified the issues they wished to address. Because the IRS determined the arguments were frivolous, it denied a face-to-face hearing and scheduled a telephone hearing. The Daleidens apparently refused to participate in this conference and did not submit any of the requested information. Accordingly, the IRS Appeals Office upheld the assessment of liabilities. The Daleidens then petitioned the Tax Court for review.

The Tax Court set the case for trial for February 11, notified the parties of the date, and warned that the failure to appear could result in dismissal. The court also issued a pre-trial order, instructing the parties to submit stipulations and a pre-

___

[1] In the proceedings before the Tax Court, Roger and his wife Maureen challenged the IRS's determination of liabilities. The IRS ultimately conceded that it had improperly assessed taxes against Maureen and informed the court that it would abate her notice of determination. Thus, Maureen is not a party to this appeal.

trial memorandum and again warned that the failure to comply could result in dismissal.

The Daleidens failed to appear at the trial on February 11 and the IRS moved to dismiss the petition for lack of prosecution. The Tax Court granted the motion to dismiss and sustained the notice of determination issued against Roger. On February 25, the Daleidens filed a motion for a continuance, asserting that Roger's medical condition prevented him from appearing at trial. In support, they submitted a letter from Roger's doctor. The Tax Court construed the motion as a motion to vacate the order of dismissal and summarily denied it. This appeal followed.

In his appellate brief, Daleiden argues that the Tax Court improperly conducted a <u>de novo</u> trial and erroneously considered new evidence that was not before the IRS at the CDP hearing. Daleiden, however, raises no claims explaining how the Tax Court erred by dismissing his petition for failure to comply with the court's rules.[2]

When a party fails to make any argument in his appellate brief, we deem the issue abandoned. <u>Rowe v. Schreiber</u>, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998). Accordingly, the issue has been abandoned.

Moreover, Daleiden's challenges to the CDP hearing are not properly before

---

[2] Nor does he challenge the Tax Court's denial of his motion for continuance, construed as a motion to vacate.

us.  During a CDP hearing, a taxpayer may raise "any relevant issue relating to the unpaid tax or the proposed levy," possible defenses, and offers of collection alternatives.  26 U.S.C. § 6330(c)(2)(A).  The taxpayer may challenge the existence or amount of the underlying tax liability, but only if the taxpayer did not receive a Notice of Deficiency.  26 U.S.C. § 6330(c)(2)(B).

In this case, Daleiden alleged that the IRS failed to follow procedures, but he did not argue that he never received the notice of deficiency; thus he would not have been able to challenge the underlying tax liability.

Accordingly, we AFFIRM the Tax Court.