[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  19-14748
Non-Argument Calendar
_____

Agency No. A099-280-328

NDEYE NDICKE SECK,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals
_____

(May 21, 2020)

Before JILL PRYOR, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

Ndeye Seck seeks review of the Board of Immigration Appeals' ("BIA")

final order affirming the Immigration Judge's ("IJ") denial of her application for

withholding of removal and dismissing her procedural due process claim.  The

government has moved for summary denial of Seck's petition for review and to stay the briefing schedule.  For the reasons that follow, we grant the government's motion.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

We review only the decision of the BIA, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).  Where instead the BIA agrees with the IJ's reasoning, we also review the IJ's decision, but only to the extent of the agreement. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947-48 (11th Cir. 2010).

We review *de novo* a claim that the BIA failed to give reasoned consideration to an issue. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016).  The BIA and IJ must give "reasoned consideration" to a petition for relief from removal. *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1232 (11th Cir. 2013).  The IJ

---

[1] We are bound by cases decided by the former Fifth Circuit before October 1, 1981. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

must consider all evidence that an applicant has submitted.  *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006).

In addition, claims that are not briefed on appeal are deemed abandoned, and we will not address their merits.  *Cole v. U.S. Att'y Gen.*, 712 F.3d 517, 530 (11th Cir. 2013).  For an argument to be sufficiently briefed on appeal, the argument must include the appellant's "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."  Fed. R. App. P. 28(a)(8)(A).  Thus, an appellant's statement that an issue exists, without further argument or discussion, constitutes abandonment of that issue.  *Rowe v. Schreiber*, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998).

Seck has sought withholding of removal under the Immigration and Nationality Act ("INA").  To obtain relief she must show that her "life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion" and may make this showing in two ways.  *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006) (quotation marks omitted); *see* INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). First, she may establish past persecution based on a protected ground, which creates a rebuttable presumption that her life or freedom would be threatened in her home country.  8 C.F.R. § 208.16(b); *Tan*, 446 F.3d at 1375.  Second, if she has not suffered past persecution, she may demonstrate that her life or freedom would be

threatened in the future in her country of removal. *Id.* To do this, she must establish "that it is more likely than not that . . . she would be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion upon removal to that country." 8 C.F.R. § 208.16(b)(2). The "more likely than not" standard is "more stringent" than the reasonable possibility standard for asylum relief. *Ruiz*, 440 F.3d at 1257 (quotation marks omitted).

Further, to prevail on a due process claim in the immigration context, Seck must show that she was deprived of notice or a fair opportunity to be heard and that the deprivation "substantially prejudiced" her. *Pierre v. U.S. Att'y Gen.*, 879 F.3d 1241, 1252-53 (11th Cir. 2018) (quotation marks omitted). Substantial prejudice requires a showing that, "absent the violation, the outcome would have been different." *Id.* at 1253 (quotation marks omitted).

Here, as an initial matter, as the BIA issued its own decision, and borrowed some reasoning from the IJ, we review the BIA's decision and the IJ's decision only to the extent that the BIA agreed with the IJ's reasoning. *Al Najjar*, 257 F.3d at 1284; *Ayala*, 605 F.3d at 947-48. The government is correct as a matter of law that Seck has abandoned any challenge to the BIA's and IJ's determinations that she is not eligible for withholding of removal and, for that reason, we should not consider her reasoned consideration argument. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

Specifically, as to Seck's withholding of removal claim, she challenges only the BIA's affirmance of the IJ's determination that, based on her specific family conditions, she had not established a clear probability of future persecution if she returned to Senegal resulting from protecting her daughter, Bineta, from undergoing female genital mutilation ("FGM").  However, the BIA also affirmed the IJ's determination that Bineta could safely remain in the United States to avoid any risk of undergoing FGM and, therefore, Seck could not establish a risk of persecution from having to protect Bineta should Seck be removed to Senegal.  Although Seck argues that the BIA and IJ erred by relying on Bineta's advanced age, she has not raised any challenge regarding Bineta's citizenship, including arguing that Bineta, who is now no longer a minor, could not safely remain in the United States or asserting that she might otherwise be at risk of persecution if she returned to Senegal without Bineta.  By abandoning any challenge to this portion of the BIA and IJ's decisions, Seck failed to carry her burden of showing that it is more likely than not that she will be persecuted if returned to Senegal.  *See Cole*, 712 F.3d at 530; *Ruiz*, 440 F.3d at 1257.

As to her due process claim, Seck likewise has abandoned any challenge to the BIA's determination that she failed to show substantial prejudice, that is, that the outcome of her case would have been different absent the several year delay in her proceedings on remand.  *See Pierre*, 879 F.3d at 1252-53.  The dispositive fact as to

5

whether the several year delay prejudiced Seck is that Bineta has been a United States citizen throughout these proceedings and therefore able to remain in the United States to avoid FGM, and Seck does not challenge this fact or the IJ's and BIA's finding that it is dispositive of her due process claim.  *See Cole*, 712 F.3d at 530.

Thus, as there is no substantial question as to the outcome of the case and the government's position is correct as a matter of law, we GRANT the government's motion for summary denial of Seck's petition for review.  *See Groendyke Transp., Inc.*, 406 F.2d at 1162.  Accordingly, we DENY the government's motion to stay the briefing schedule as moot.