[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13099
Non-Argument Calendar
_____

Agency No. A216-586-042


IQBAL HASAN-CHOWDHURY,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 12, 2020)


Before WILLIAM PRYOR, Chief Judge, LAGOA, and ANDERSON, Circuit
Judges.

PER CURIAM:

Iqbal Hasan-Chowdhury seeks review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  Before this court, he argues only that substantial evidence does not support the BIA's affirmance of the IJ's determination that he failed to establish that, if he were removed to Bangladesh, the Bangladeshi government would be unable or unwilling to protect him, as required for asylum.  For the reasons that follow, we deny Hasan-Chowdhury's petition.

We review only the decision of the BIA, except to the extent that the BIA expressly adopts the IJ's decision.  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).  Where instead the BIA agrees with the IJ's reasoning, we also review the IJ's decision, but only to the extent of the agreement.  *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947–48 (11th Cir. 2010).  The BIA is not required to discuss every piece of evidence presented in its order, but it is required to consider all the evidence submitted by the applicant.  *See Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1376 (11th Cir. 2006).

The BIA's legal conclusions are reviewed *de novo*.  *Al Najjar*, 257 F.3d at 1283.  We review factual determinations under the substantial evidence test.  *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1254-55 (11th Cir. 2006).  We must affirm the

2

decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (quotation omitted). We will view "the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Id.* at 1255 (quotation omitted). We will reverse a finding of fact by the BIA "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

In addition, claims that are not briefed on appeal are deemed abandoned, and we will not address their merits. *Cole v. U.S. Att'y Gen.*, 712 F.3d 517, 530 (11th Cir. 2013). For an argument to be sufficiently briefed on appeal, the argument must include the petitioner's "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). Thus, a petitioner's statement that an issue exists, without further argument or discussion, constitutes abandonment of that issue. *Rowe v. Schreiber*, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998).

An immigrant who arrives in or is physically present in the United States may apply for asylum. INA § 208(a)(1); 8 U.S.C. § 1158(a)(1). The Attorney General or Secretary of the Department of Homeland Security ("DHS") has discretion to grant asylum if the immigrant meets the INA's definition of

"refugee."  INA § 208(b)(1), 8 U.S.C. § 1158(b)(1).  The INA defines "refugee" as

the following:

> any person who is outside any country of such person's nationality . . .
> who is unable or unwilling to return to, and is unable or unwilling to
> avail himself or herself of the protection of, that country because of
> persecution or a well-founded fear of persecution on account of race,
> religion, nationality, membership in a particular social group, or
> political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).  The applicant carries the burden

of proving statutory "refugee" status.  8 C.F.R. § 208.13(a); *Diallo v. U.S. Att'y*

*Gen.*, 596 F.3d 1329, 1332 (11th Cir. 2010).

Thus, to meet the burden of establishing eligibility for asylum, an applicant

must, with specific and credible evidence, establish (1) past persecution on account

of a statutorily protected ground, or (2) a "well-founded fear" that he will be

persecuted on account of a protected ground.  *Diallo*, 596 F.3d at 1332; 8 C.F.R.

§ 208.13(a), (b).  He must also demonstrate that one of the enumerated grounds

"was or will be at least one central reason for persecuting" him.  INA

§ 208(b)(1)(B)(i), 8 U.S.C. § 1158(b)(1)(B)(i).  To meet this burden, the applicant

must present "specific, detailed facts showing a good reason to fear that he will be

singled out for persecution on account of such [ground]."  *Ruiz*, 440 F.3d at 1258

(quotation marks omitted).

A well-founded fear of future persecution may be established by showing

(1) past persecution that creates a presumption of a "well-founded fear" of future

4

persecution, (2) a reasonable possibility of personal persecution that cannot be avoided by relocating within the subject country, or (3) a pattern or practice in the subject country of persecuting members of a statutorily defined group of which the applicant is a part. 8 C.F.R §§ 208.13(b)(1), (2). An applicant who cannot demonstrate past persecution also has the burden of showing that it would not be reasonable for the applicant to relocate in the home country, unless the persecution is by, or sponsored by, the government. 8 C.F.R. § 208.13(b)(3)(i).

"To establish eligibility for asylum based on a well-founded fear of future persecution, the applicant must prove (1) a 'subjectively genuine and objectively reasonable' fear of persecution that is (2) on account of a protected ground." *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1236 (11th Cir. 2006) (citations omitted). The applicant must establish that he is unable or unwilling to avail himself of the protection of his home country by showing that his home country "condoned the private actions or at least demonstrated a complete helplessness to protect the victims." *Matter of A-B-*, 27 I. & N. at 337–38.

An applicant who alleges persecution by private actors must prove that he cannot avail himself of the protection of his home country by showing that he reported the persecution to the authorities or that it would have been useless to do so. *Lopez v. U.S. Att'y Gen.*, 504 F.3d 1341, 1345 (11th Cir. 2007). But "[t]he fact that the local police have not acted on a particular report of an individual crime

5

does not necessarily mean that the government is unwilling or unable to control crime." *Matter of A-B-*, 27 I. & N. at 337.

We note, as an initial matter, that Hasan-Chowdhury has abandoned review of any issue other than whether substantial evidence supports the BIA's determination that the Bangladeshi government was willing to protect him by failing to raise substantive arguments as to other issues on appeal. *See* Fed. R. App. P. 28(a)(8)(A); *Rowe*, 139 F.3d at 1382 n.1. Additionally, because the BIA expressly agreed with several of the IJ's findings, we review the IJ's decision to the extent that the BIA agreed with the IJ's reasoning, in addition to reviewing the BIA's decision. *See Ayala*, 605 F.3d at 947–48; *Al Najjar*, 257 F.3d at 1284.

Because Hasan-Chowdhury abandoned any argument that the harm he suffered constituted past persecution, he has necessarily abandoned any argument that he was entitled to a rebuttable presumption of a well-founded fear of future persecution. *See* 8 C.F.R. §§ 208.13(b)(1), (2). And because Hasan-Chowdhury has never argued that Bangladesh has a pattern or practice of persecuting Liberal Democratic Party ("LDP") members and, in fact, expressly asserts that the harm he suffered was committed by private actors, he can establish a well-founded fear of future persecution only by showing that, if removed to Bangladesh, he faced a reasonable possibility of personal persecution that could not be avoided by relocating within Bangladesh. *See id.* Additionally, because Hasan-Chowdhury

6

alleged that his fear of persecution stemmed from harm by private actors, he was required to establish that he was unwilling or unable to avail himself of the Bangladeshi government's protection. *See Lopez*, 504 F.3d at 1345; *Matter of A-B-*, 27 I. & N. at 337–38.

We conclude that the BIA's determination that Hasan-Chowdhury failed to show that the Bangladeshi government was unable or unwilling to protect him from Awami League ("AL") members is supported by substantial evidence. *See Ruiz*, 440 F.3d at 1254–55. We reach this conclusion for three reasons: (1) the evidence submitted by Hasan-Chowdhury is insufficient to show that the government condoned, or participated in, violence against opposition party members; (2) the Bangladeshi police's alleged failure to investigate his claims of violence does not demonstrate that the government was unwilling to protect him; and (3) he has not argued that he could not have avoided any future prosecution by relocating within the country. We address each in turn.

First, while Hasan-Chowdhury is correct that violence committed by private actors can be the basis of an asylum claim, he failed to show that the Bangladeshi government condoned the violence or was completely helpless in protecting victims of such violence. *See Matter of A-B-*, 27 I. & N. at 337–38. While the record provides some support for Hasan-Chowdhury's argument that the Bangladeshi government inconsistently prosecutes violations against opposition

party members, our reading of the record as a whole persuades us that the Bangladeshi government did take steps to prosecute violent crimes by AL members and did not condone such actions. We cannot conclude that the record compels a conclusion that the Bangladeshi government condones such actions.

Here, we find the country reports and news articles that Hasan-Chowdhury submitted helpful. They specifically noted that the AL had significant power in Bangladeshi society—and in its government—but also noted instances where the government arrested AL members for committing attacks and rapes on opposition members. And while Hasan-Chowdhury asserts that the Bangladeshi government itself participated in violent conduct via the AL's leadership within the government, the record is devoid of any evidence beyond Hasan-Chowdhury's own statements in support of this contention.

Second, although Hasan-Chowdhury testified that the police refused to take a report of the attack he suffered, that fact alone does not demonstrate that the Bangladeshi government was unwilling to protect him from the AL. *See Matter of A-B-*, 27 I. & N. at 337–38. We also note that Hasan-Chowdhury did not present any evidence that he tried to report to the police the incident where AL members came to his home. Under *Lopez*, an applicant alleging persecution by private actors must show either that he reported prosecution to authorities or that it would have been useless to do so. 504 F.3d at 1345. While we might reasonably read his

8

testimony as indicating a belief that it was useless to do so, we note that "the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *See Adefemi*, 386 F.3d at 1027.  Here, despite Hasan-Chowdhury's plausible argument that it would have been useless to report prosecution to the police, the record does not compel a contrary conclusion. *See id.*

Finally, Hasan-Chowdhury focuses his argument on the BIA's enumerated ground for concluding that he had not established a well-founded fear of future persecution and has not presented any argument, either to the BIA or to us, that he could not avoid future persecution by relocating within Bangladesh.  The relocation issue is another component of Hasan-Chowdhury's asylum claim—the basis of which, again, he has limited to fear of future persecution that is not based on past persecution—that he bears the burden of proving.  *See* 8 C.F.R. § 208.13(b)(1), (2).  His failure to address this issue supports our conclusion that the record does not compel reversing the BIA decision.

For the foregoing reasons, the record, when viewed as a whole and in the light most favorable to the BIA's decision, does not compel reversal.

PETITION DENIED.