[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 09, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12568
Non-Argument Calendar

_____

Agency No. A72-443-886

FRANCISCO DE JESUS JUAREZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(February 9, 2009)**

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Francisco De Jesus Juarez, a native of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") orders (1) vacating the Immigration Judge's ("IJ") order terminating his removal proceedings because of a deficient Notice to Appear ("NTA"); and (2) dismissing his appeal of the IJ's order denying him asylum and withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture ("CAT"). After review, we deny the petition for review.

According to Juarez, leftist guerillas in Guatemala came to his house several times and threatened him because they wanted him to join them. After these incidents, Juarez in 1989 moved to Guatemala City for work. That same year, the guerillas found him, cut his face with a knife and told him they would kill him the next time. However, Juarez had no further encounters with the guerillas after 1989. Juarez does not claim he participated in political activity.

Juarez began collecting money to come to the United States. In October 1991, Juarez borrowed money from his brother-in-law and paid a "coyote" to smuggle him into the United States. Juarez's family members in Guatemala have told him the leftist guerillas continue to ask about his whereabouts. The 1997 Country Report for Guatemala indicates that, in 1996, the government and leftist guerillas signed peace accords, ending a 36-year civil war and, in 1997, the umbrella guerilla organization alliance dissolved itself to devote its efforts to legal

2

political activity. The 2005 Country Report for Guatemala contains no mention of the guerillas' presence in the country.

The IJ and the BIA concluded that Juarez failed to establish his status as a refugee. See INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A) (giving discretion to grant asylum if an alien meets the INA's definition of "refugee"). A "refugee" is:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). To carry his burden to prove statutory "refugee" status, an asylum applicant must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1257 (11th Cir. 2006).[1] To establish persecution by a guerilla group on account of a political opinion, it is not enough to show that the petitioner has been or will be targeted "due to [his] refusal to cooperate with the guerillas"; instead, the petitioner

---

[1] We review the factual determinations regarding whether an applicant is eligible for asylum or withholding of removal under the substantial evidence test. Al Najjar v. Ashcroft, 257 F.3d 1262, 1283-84 (11th Cir. 2001). Under the substantial evidence test, "we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

3

must show that the guerillas have targeted or will target him because of his actual or imputed political opinion.  Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 438 (11th Cir. 2004).

Substantial evidence supports the BIA's determination that Juarez failed to show either past persecution on account of a statutorily listed factor or a well-founded fear of future persecution on account of a statutorily listed factor.  Because Juarez did not carry his burden as to asylum, he likewise failed to meet the higher burden of proof for withholding of removal.  See Al Najjar v. Ashcroft, 257 F.3d 1262, 1292-93 (11th Cir. 2001).[2]  We also conclude that the supervisory asylum officer's illegible signature on Juarez's NTA did not render it defective and, thus, the BIA properly vacated the IJ's order dismissing the removal proceedings on that basis.

**PETITION DENIED.**

---

[2]Juarez's appeal brief states that he should be granted CAT relief, but offers no further argument or explanation.  Accordingly, Juarez has abandoned this issue on appeal.  See Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998).  Additionally, we lack jurisdiction to address Juarez's argument, raised in his reply brief, challenging the denial of his application for cancellation of removal because Juarez did not exhaust his administrative remedies by presenting this claim to the BIA.  See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).