[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 19, 2010
JOHN LEY
CLERK

_____

No. 09-11260
Non-Argument Calendar

_____

D. C. Docket No. 08-00113-CV-3


FREDRICK ALLEN ELLIS,

                                                        Plaintiff-Appellant,


versus


STATE OF GEORGIA,
Department of Probation, et al.,

                                                              Defendants,


DANNY POWELL, Probation Officer,
Laurens County,
CHRIS BRACEWELL, Laurens Co. Deputy,

                                                    Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 19, 2010)

Before BLACK, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Frederick Ellis is a Georgia state prisoner convicted of enticing a child for indecent purposes and influencing a witness. While on probation, his probation officer and other law enforcement officials twice arrested Ellis for violating the conditions of his probation and searched his residence. Each time, the state court revoked Ellis's probation and imposed a prison term. Ellis is currently serving his sentence for the second probation revocation.

Ellis filed this pro se 42 U.S.C. § 1983 complaint, alleging constitutional violations against a variety of parties involved in the arrests and searches or in Ellis's subsequent probation revocations. The district court dismissed the majority of these claims pursuant to a 28 U.S.C. § 1915A preliminary screening after Ellis did not object to the magistrate judge's report and recommendation. Later, the two remaining claims – that Laurens County Probation Officer Danny Powell arrested Ellis on two occasions without a warrant and that Laurens County Deputy Chris Bracewell obtained false arrest warrants against Ellis – were dismissed for lack of subject-matter jurisdiction. In addition to entering these two dismissal orders, the district court ruled on numerous motions filed by Ellis throughout the district court proceedings.

On appeal, Ellis states that he is appealing "all rulings made in the case from day one." Ellis argues generally that his constitutional rights have been violated and that the district court "responded wrong in, 'denied,' 'dismissed,' 'moot' or not ruled upon." However, Ellis does not provide substantive argument or identify particular errors as to any of the district court's rulings, including, most importantly, the district court's two dismissal orders.

To preserve an issue for appellate review, appellants must "not only state their contentions to us, but also to give 'the reasons for them,'" with citations to legal authority and the record. Doe v. Moore, 410 F.3d 1337, 1349 n.10 (11th Cir. 2005) (quoting Fed. R. App. P. 28(a)(9)(A)). A "cursory restatement of the issues fails to raise the issue sufficiently for discussion" and thus the issues are deemed abandoned. Id.; see also Rowe v. Schreiber, 139 F.3d 1381, 1382 n. 1 (11th Cir. 1998) (refusing to reach an issue mentioned in passing in the plaintiff's brief because the issue had no supporting argument or discussion). This rule also applies to pro se appellants. See, e.g., Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008); Horsley v. Feldt, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002).

Here, Ellis's appeal brief states that he is appealing all the district court's rulings and that all of those rulings are wrong, but, even construed liberally, does

3

not identify any particular error for us to review.  Thus, we affirm.

**AFFIRMED.**