[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15919
Non-Argument Calendar

_____

D.C. Docket No. 0:11-cv-60599-WPD

ROBERT HOLT, JR.,

Plaintiff-Appellant,

versus

U.S ATTORNEY GENERAL,
GOVERNOR OF THE STATE OF FLORIDA,
ATTORNEY GENERAL, STATE OF FLORIDA,
MAYOR, BROWARD COUNTY, FLORIDA,
DEPUTY SHERIFF MITCHELL LYDEN,
DEPUTY SHERIFF CHARLES GRADY, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 8, 2012)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

*Pro se* plaintiff-appellant Robert Holt, Jr. appeals the district court's dismissal of his civil rights complaint stemming from an arrest for driving under the influence (DUI).  After a thorough review of the record, we affirm.

Holt filed a civil rights complaint against numerous federal and state defendants, alleging constitutional violations under 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1991), and the Federal Tort Claims Act, 28 U.S.C. § 2674.[1]  Relevant to this appeal, Holt named as defendants Deputy Sheriffs Charles Grady and Mitchell Lyden, alleging that these defendants violated his constitutional rights when they arrested him for DUI without probable cause or a warrant.

The district court dismissed the complaint, finding that Grady and Lyden were entitled to qualified immunity.  The court considered copies of Holt's arrest form and Lyden's deposition, which Holt had attached to the complaint, and found

---

[1]  Holt also named as defendants: President Obama, U.S. Attorney General Eric Holder, a state court judge, the state attorney general and various assistant attorneys general, the public defender, the governor of Florida, the former mayor of Broward County, and members of the state pretrial services department.  These defendants were dismissed on various grounds and Holt does not directly challenge their dismissals.  Additionally, Holt's notice of appeal indicates his intent to appeal only the dismissal of the claims against Grady and Lyden.  Accordingly, Holt has abandoned any issues relating to the dismissal of the other defendants, and we do not discuss the claims against them.  *Rowe v. Schreiber*, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998).

2

that the facts of the case showed that the officers had probable cause to arrest Holt for DUI.

On appeal, Holt alleges that Lyden and Grady violated his rights by arresting him without a warrant or probable cause for a DUI offense. We liberally construe this to challenge the district court's dismissal of his complaint against these defendants based on qualified immunity.[2]

We review *de novo* a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Ironworkers Local Union 68 v. AstraZeneca Pharm., LP*, 634 F.3d 1352, 1359 (11th Cir. 2011).

"Qualified immunity offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." *Hoyt v. Cooks*, 672 F.3d 972, 977 (11th Cir. 2012). "In order to

---

[2] "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, although Holt identifies eight issues in his statement of the issues, he makes no arguments except those regarding his arrest by Grady and Lyden. Thus, the remaining issues he lists are not properly before us. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (deeming issues that *pro se* appellant failed to raise in his brief abandoned).

3

receive qualified immunity, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (internal quotation marks omitted). In this case, there is no dispute that the arresting officers were acting within their discretionary authority.[3]

A warrantless arrest without probable cause violates the Fourth Amendment and provides the basis for a § 1983 claim. *Marx v. Gumbinner*, 905 F.2d 1503, 1505 (11th Cir. 1990). But the existence of probable cause is an absolute bar to such a claim. *Id.* at 1505–06. Under both federal and Florida law, probable cause exists "when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Lee*, 284 F.3d at 1195.

Under Florida law, a person is guilty of a DUI offense if the person is driving or in actual physical control of a vehicle, and that person is affected by a

---

[3] Although Holt repeatedly points out that Lyden was not "certified" as a DUI investigator, that does not mean that Lyden acted outside his discretionary authority, because Lyden remained authorized to investigate the disturbance that lead him to encounter the intoxicated Holt.

4

substance to the extent that his normal facilities are impaired or he has a breath-alcohol level over .08.  Fla. Stat. § 316.193.

We conclude that the district court properly dismissed Holt's complaint against Grady and Lyden because the officers were entitled to qualified immunity. The evidence attached to Holt's complaint, which the court properly considered, *see Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010), showed that Lyden found Holt urinating into a cup while in the driver's seat of his car with the engine running. Holt's eyes were bloodshot, his speech was slurred, he had difficulty standing, and he smelled of alcohol.  Under these facts, Lyden reasonably could have believed that Holt was affected by alcohol to an extent that his normal facilities were impaired.  Fla. Stat. § 316.193.  Grady also reported that Holt smelled of alcohol, had bloodshot eyes, and slurred his speech, and the breathalyzer results showed that Holt's breath-alcohol level exceeded that permitted by the Florida DUI statute.  *Id.*  Because Lyden and Grady had probable cause to arrest Holt, the district court properly determined that Lyden and Grady were entitled to qualified immunity and dismissed the case.

**AFFIRMED.**

5