[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14219
Non-Argument Calendar

_____

D.C. Docket No. 5:12-cv-00061-MTT


EARL A. BRYANT,

Plaintiff-Appellant,


versus


CITIGROUP INC.,
CITIMORTAGE INC.,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(March 18, 2013)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Earl Bryant appeals the district court's grant of Citigroup Inc. and Citimorgage, Inc.'s ("CMI") motion to dismiss his breach of contract, fraud, and racketeering influenced corrupt organization violation ("RICO") claims. Citigroup moved to dismiss for lack of personal jurisdiction. CMI moved to dismiss for failure to state a claim. The district court dismissed for failure to state a claim. On appeal, Bryant argues that Citigroup and CMI engaged in a deceptive scheme and used their declaration of escrow deficiency to steal his property.

We liberally construe *pro se* pleadings. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). However, an appellant, even when proceeding *pro se*, abandons an issue if he fails to raise it in his initial brief. *Id.* Further, an issue may be deemed abandoned where a party only mentions it in passing, without providing substantive argument in support. *Rowe v. Schreiber*, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998)(refusing to reach an issue mentioned in passing in the counseled plaintiff's brief because the issue had no supporting argument or discussion).

We review the dismissal of an action for lack of personal jurisdiction *de novo*. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

> When a district court does not conduct a discretionary evidentiary hearing on a motion to dismiss for lack of jurisdiction, the plaintiff must establish a *prima facie* case of personal jurisdiction over a nonresident defendant. A *prima facie* case is established if the

2

plaintiff presents enough evidence to withstand a motion for directed verdict.

*Id.*

We review a district court ruling on a Fed.R.Civ.P. Rule 12(b)(6) motion *de novo*. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). While a complaint does not need detailed factual allegations, it requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). Factual allegations must raise a right to relief above the speculative level. *Id.*, 127 S. Ct. at 1965. Although ordinarily nothing beyond the face of the complaint and the attached documents are considered in analyzing a motion to dismiss, we make an exception where the plaintiff refers to a document in his complaint, it is central to his claim, the contents are not disputed, and the defendant attaches it to his motion to dismiss. *Fin. Sec. Assurance, Inc. v. Stephens, Inc.,* 500 F.3d 1276, 1284 (11th Cir. 2007).

With respect to Citigroup Inc., the district court should have dismissed Bryant's complaint based on lack of personal jurisdiction because Bryant presented no facts that supported personal jurisdiction over Citigroup Inc. *See Republic of Panama*, 119 F.3d at 940; *Madara*, 916 at 1513-14.

With respect to CMI, Bryant abandoned his arguments on appeal because he merely referenced the defendant's use of a deceptive scheme of declaring "escrow

3

deficiency" to take his property, without making substantive arguments to support his position. *Timson*, 518 F.3d at 874, *Rowe*, 139 F.3d at 1382 n.1.

However, even upon considering the merits of Bryant's appeal, the district court did not err in granting CMI's motion to dismiss for failure to state a claim. Bryant's conclusory allegations and lack of factual support do not meet the required pleading standard. *See Bell Atlantic Corp.*, 550 U.S. at 555, 127 S. Ct. at 1964-65. Furthermore, contrary to Bryant's allegations that CMI had no authority to require payment of an escrow deficiency, the security deed specifically states that the lender had the authority to do so.

Accordingly, we affirm with respect to CMI but vacate and remand with instructions to dismiss for lack of personal jurisdiction with respect to Citigroup Inc.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**