[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11673
Non-Argument Calendar

_____

D.C. Docket No. 4:11-cv-00027-WTM-GRS

WELDON WILLIAMS,

Plaintiff-Appellant,

versus

REVCO DISCOUNT DRUG CENTERS, INC.,
d.b.a. CVS Pharmacy Inc.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(January 14, 2014)

Before WILSON, KRAVITCH and ANDERSON, Circuit Judges.

PER CURIAM:

Weldon Williams appeals from the district court's grant of summary judgment in favor of his former employer, Revco Discount Drug Centers, Inc., d/b/a CVS Pharmacy, Inc. (CVS), in his employment suit alleging: (1) disability discrimination and retaliation under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*;  (2) violations of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.*; and (3) age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*  After a thorough review of the record, we affirm.

Williams filed this employment action alleging that CVS failed to accommodate his reasonable requests for assistance under the ADA, terminated him despite his FMLA request, placed unreasonable demands on him before allowing him to return to work, and treated younger pharmacists more favorably.

CVS moved for summary judgment, arguing that most of Williams's claims were time barred or unexhausted and that the timely and exhausted claims failed on the merits.  The district court granted CVS's motion, finding that Williams's ADA claims failed because (1) he was not able to perform the essential functions of staff pharmacist, (2) the accommodation Williams requested was not reasonable, and (3) any claim of retaliation under the ADA was unexhausted.  Addressing Williams's ADEA claim, the court concluded that it too was not exhausted, as Williams did not include it in his EEOC charge.  With respect to Williams's FMLA claims, the

2

court found that there was no merit to the interference claims because Williams had been given leave, and there was no evidence to support a retaliation claim.

Williams now appeals, arguing that the court erred in concluding that he was not a qualified individual under the ADA and that his requested accommodation was unreasonable. He contends that the court failed to consider other accommodations he requested or CVS's obstruction of the interactive process. He asserts that deposition testimony given by CVS employees raised questions of fact as to CVS's motivation. Finally, Williams argues that the court erred by rejecting his retaliation claim.

As a preliminary matter, Williams offers no argument with regard to his ADEA and FMLA claims on appeal.[1] Thus, he has abandoned them. *Rowe v. Schreiber*, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998). Moreover, the district court correctly determined that Williams's ADA retaliation claim was unexhausted because Williams failed to include this claim in his EEOC charge. *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004). Thus, the only issue before us is Williams's discrimination claim under the ADA.

We review the grant of a summary judgment motion *de novo*, construing the facts in the light most favorable to the nonmoving party. *Holly v. Clairson Indus.,*

---

[1]  Williams's passing reference to whether CVS obstructed the interactive process addresses the motives of CVS employees in rejecting the medical evidence he submitted to show the necessary accommodations under the ADA  and is insufficient to preserve a claim under the FMLA. *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

*LLC*, 492 F.3d 1247, 1255 (11th Cir. 2007).  A district court shall grant summary judgment where the evidence shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  *Id.*

We evaluate disability-discrimination claims under the *McDonnell Douglas*[2] framework, which requires the plaintiff to first establish a *prima facie* case of discrimination.  *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004).  To make such a showing under the ADA, a plaintiff must prove that (1) he is disabled; (2) he is a qualified individual; and (3) he was subjected to unlawful discrimination because of his disability.  *Holly*, 492 F.3d at 1255-56.

To show that he is a qualified individual, a plaintiff must show that he can perform the essential functions of his position with or without reasonable accommodations.  *Id.* at 1256.  Essential functions are "the fundamental job duties of the employment position the [disabled employee] holds or desires."  29 C.F.R. § 1630.2(n)(1).  Whether a function of a position is essential is evaluated on a case-by-case basis by examining a number of factors, including the employer's judgment of what it believes to be the essential functions, any written description of the position, the amount of time spent on the job performing the function, and the consequences of not requiring the employee to perform the function.  *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1230 (11th Cir. 2005).

---

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

An accommodation is reasonable and necessary under the ADA only if it will enable the employee to perform the essential functions of the job. *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1365 (11th Cir. 2000). The employee has the burden of identifying a reasonable accommodation. *Id.* at 1365. An accommodation is not reasonable if it places an undue hardship on the employer. *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001).

"To determine the appropriate reasonable accommodation, it may be necessary for [an employer] to initiate an informal, interactive process with the qualified individual with a disability in need of the accommodation" to identify the employee's limitations and any possible accommodations. 29 C.F.R. § 1630.2(o)(3). "[A]n employer is not required to accommodate an employee in any manner in which that employee desires." *Earl*, 207 F.3d at 1367 (internal quotation marks omitted). Nor does the ADA require an employer to eliminate an essential function of an employee's job or reallocate job duties to change the essential functions of a job. *Lucas*, 257 F.3d at 1260; *Earl*, 207 F.3d at 1367.

Here, CVS does not dispute that Williams was disabled, thus the central issue on appeal is whether Williams was a qualified individual who could perform the essential job functions of a staff pharmacist with or without a reasonable accommodation. Williams's own deposition testimony indicates that he was not.

5

During discovery, Williams acknowledged that his position involved extended standing over the course of an eight-hour shift and frequent movement around the pharmacy.  And he admitted that he could not perform these essential job functions without the accommodation of the full-time assistance of another intern or technician.[3]

The ADA did not require CVS to permanently provide Williams with full-time technical support because this would require it to eliminate essential functions of the staff pharmacist job as it existed and reallocate those functions to other employees.  Even though the record evidence shows that CVS had provided Williams with technical support in the past, this did not make his request for additional support from another CVS employee reasonable.  *Wood v. Green*, 323 F.3d 1309, 1314 (11th Cir. 2003).

Finally, Williams's claim that CVS "obstructed the interactive process" is without merit.  In his deposition, Williams admitted that his physician never submitted any paperwork outlining the types of accommodations that Williams might require, even though CVS sent Williams multiple e-mails and letters seeking supporting medical documentation.  Thus, Williams's claim that CVS obstructed the process is without merit.

---

[3]  Although Williams states that he requested other accommodations, he also clearly communicated to CVS that he would only be able to perform his duties with the assistance of a full-time pharmacy technician.

**AFFIRMED.**